## LAWRENCE *versus* GULLIFER *&* al.

Where the plaintiff hired out by the month at stipulated wages, and before his time expired, was rightfully discharged on account of his bad conduct, he is entitled to recover the value of his services, not exceeding the contract price.

And in such a case, he will not be liable for any damages the other party may suffer by employing another.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT, for labor.

The defendant offered testimony tending to show, that

the conduct of plaintiff was so bad, that he was obliged to discharge him.

Defendant requested the instruction, that if plaintiff hired by the month for a term, and his conduct was so bad while in his employ, that defendant was justified in discharging him before the time was out, that the plaintiff could recover his wages at the contract price, deducting what damage his leaving before the time was out, would cause the defendant.

This request was refused, and the jury were instructed, that in such case the plaintiff would recover what his labor was worth, for the actual value of his services while he labored; not to exceed in any event the contract price.

To this refusal and instruction defendants excepted.

*J. A. Peters*, in support of the exceptions, cited *Miller* v. *Goddard*, 34 Maine, 102; *Frazier* v. *Cushman*, 12 Mass. 277.

*Knowles & Briggs, contra*, cited *Abbott* v. *Hermon*, 7 Maine, 118.

Shepley, C. J. — When one person contracts to labor for another for a stipulated time, he impliedly engages to conduct properly and to labor faithfully. This he may fail to do, by performing his duties imperfectly. His employer is not obliged to receive such imperfect service. He may discharge the laborer. This should not subject the laborer to the payment of damages occasioned to the employer, by his being obliged to employ another at higher wages to perform the duties for the remainder of the time. For the imperfection, which authorized the discharge, may have occurred without any willful intention to violate the contract. It may have been the consequence of ignorance or of infirmity of temper. In this respect it would differ from a voluntary refusal on the part of the laborer to perform his contract, by which he would forfeit his wages, and he should not be subjected to such a forfeiture. His employer in such case cannot reasonably claim to recover damages for a violation

of the contract, by his not continuing to labor for the whole agreed time, for he has chosen to prevent it.

It is alleged in argument, that the laborer compelled him to make that choice. He may have compelled him to decide, whether he would receive an imperfect service, or bear with an infirmity of temper, or refuse to do so and employ another. Still the choice is made by the employer, and he should not make it and then claim to recover damages, because the laborer did not continue to perform his contract. When he is required to pay the laborer not the full contract price, but only for the actual value of his services, he can have no just cause of complaint, unless the laborer has intentionally and willfully conducted in such a manner as to render it necessary, that he should be discharged. It is only, when he does this, that he is required to pay other damages, than the loss of his agreed compensation. And when he does this, he may justly be required, as in other cases of a voluntary and willful violation of his contract, to make compensation for the injury occasioned by his not continuing to labor for the whole stipulated time, although he may have been discharged by his employer.

*Exceptions overruled.*

TENNEY, HOWARD and HATHAWAY, J. J., concurred.