Diefenback vs. Stark.

DIEFENBACK VS. STARK.

*December 13, 1882 — January 9, 1883.*

*(1) Contract of service construed: Entire contract. (2) Court and jury.*

1. By a certain contract the plaintiff's son was to work for defendant six months for $16 per month. At the end of four months the son left the defendant's service solely on the ground that the defendant refused to pay him for such four months, or from month to month. *Held,* that the contract was an entirety, that the money was to be paid only at the end of the six months, and that there could be no recovery of compensation for the partial performance.

2. Such contract being shown by the plaintiff's own testimony, it was the duty of the court to construe it, and it was error to submit to the jury the question whether the contract was an entirety, or whether the money was due monthly, or at the end of the six months.

Diefenback vs. Stark.

APPEAL from the County Court of *Dodge* County.

The case is sufficiently stated in the opinion. The defendant appealed from a judgment in favor of the plaintiff.

The cause was submitted for the appellant on the brief of *James J. Dick*, and for the respondent on that of *F. Hamilton & Son.*

ORTON, J. The first count of the complaint is for four months' labor of plaintiff's son, for which the defendant *promised* to pay $16 per month; and the second count is for four months' labor of the son, which was reasonably worth $16 per month. The answer sets up a special contract by which the plaintiff's son was to work for the defendant six months, at $16 per month, to be paid at the expiration of the six months, and avers the nonperformance of the contract by the plaintiff. It appears from the testimony of the plaintiff and the son that the contract was that the son was to work on the farm of the defendant *six* months from April 1st for $16 per month, and, for the purposes of the case in this court, this must be accepted as the contract, and the whole of it. The defendant and another witness present testified to the contract as stated in the answer. It was also proved that the son worked under this contract for four months only, and then left the service of the defendant solely on the ground that the defendant refused to pay him for such four months, or from month to month. There was evidence offered for the defendant of special damages by reason of the nonfulfilment of the contract on the part of plaintiff; but as, in our view, the instructions asked, which negatived the right of the plaintiff to recover under the evidence on account of his nonperformance of the contract, ought to have been given, other questions raised by the exceptions need not be considered. The county court refused to instruct the jury as requested by the defendant's counsel, as follows: (1) That the contract (as stated by the plaintiff

and his son) was an *entire* contract; (2) that, from the evidence in the case, the money due on the contract in question was payable the 1st day of October; (3) that the action was prematurely brought; (4) that the plaintiff was not entitled to recover; (5) that if you find the plaintiff's boy left of his own accord, without fault of the defendant, the plaintiff cannot recover; (6) that the fact that the defendant did not pay plaintiff's boy money when asked for, was not sufficient reason for the boy to leave.

The point of these requests to instruct the jury was, substantially, that the plaintiff could not recover in this action on the contract, or upon the common count for work and labor, without showing full performance of the contract on his part by the labor of the son for the defendant for the whole six months, unless excused by the act of God or the fault of the defendant, or that the money on the contract was due only at the expiration of that time, upon such performance; or in other words, that this contract was an *entirety*, and neither party could recover of the other without full performance on his part, or legal excuse for nonperformance. The county court committed, in our opinion, the double error of refusing to give these instructions, and submitting to the jury the question whether the contract was an *entire* one, or whether the money was due monthly, or at the end of the six months. It was the duty of the court to construe this contract, as testified to by the plaintiff himself, and not leave such a question to the jury. *Ranney v. Higby*, 5 Wis., 62; *Mowry v. Wood*, 12 Wis., 413; *Martineau v. Steele*, 14 Wis., 272; and numerous other cases which might be cited to swell this opinion, but which need not be, because the decisions are all one way on the question. The contract, according to the testimony of the plaintiff, was an entirety, and no recovery could be had without proof of full performance, or performance excused, and the compensation was to be paid only at the end of the six months, on full

performance by the plaintiff, and the court should have so instructed the jury, or have given the instructions asked by the defendant, which imported the same thing, and this presents the real question in the case upon this appeal; for the plaintiff, on this evidence and the instructions, obtained a verdict in his favor at the rate of $16 per month for four months, and obtained judgment therefor.

From some general language in the text-books, as well as in some opinions in cases of other contracts, it would seem as if this question in respect to contracts for mere work and labor, or for mere personal service, was in conflict. But we have the authority of so able and eminent a jurist as Judge PARSONS for saying that there is really but one case, and that is the one cited in the brief of the learned counsel for the respondent, in which it is held that on a contract for services merely, a recovery can be had upon a *quantum meruit* for the value of the service already rendered under such a contract, without a full performance. That case is the noted one of *Britton v. Turner*, 6 N. H., 481. But it seems there were other cases in the same state, and in at least one other state, before that text was written, and there have been cases since in Iowa, and perhaps in some other states, to the same effect. It is safe to say, however, that they are against the current of authority in this country and in England, and certainly against reason. To allow suit in such cases upon a *quantum meruit* without full performance, and recoupment of damages, would in most cases be quite inadequate to indemnify the employer under the ordinary rule of such damages.

The distinction between such a contract and building contracts, and some others, in which this equitable doctrine has been applied, is very clear and distinct and rests upon at least plausible reasons. In respect to the latter contracts it is said in 1 Story on Con., § 27: "If, however, a party acting honestly, and with *bona fide* intention of fulfilling the contract, per-

forms it substantially, but fails in some comparatively slight particular, he is entitled to a fair compensation according to the contract, the other party receiving credit for whatever loss or damage he may have sustained by these deviations." Even beyond this rule, there are other cases, which fall within the class of building contracts, the doctrine of which is as well stated by this court in *Taylor v. Williams*, 6 Wis., 363, as in any other cases or in any text-books, where the contract was for the construction of a building in a certain manner, and in a certain time, and where the employer accepted and used the building, and thereby virtually admitted that it was some benefit to him, and that the builder was entitled to some compensation therefor, he was allowed to recover a *quantum meruit*, notwithstanding he had not completed the work fully according to the contract. Without further specifying contracts which fall within this principle, it is sufficient to state the reasons for the distinction between them and a contract for hiring services, or for work and labor simply.

The criterion is, as well stated by the same author (1 Story on Con., § 33): " Wherever the failure as to part would materially defeat the objects of the contract, and would have affected [it], had such failure been anticipated, the contract would be *entire*." There is, perhaps, a better and more certain criterion affecting all such contracts stated in 2 Pars. on Con., § 522, and that is, the possibility or impossibility of a certain *apportionment* of benefits, according to the compensation in the contract, in case of part performance only; or, as stated by the author: "We have seen that where parties make a contract which is not *apportionable*, no part of the consideration can be recovered in an action on the contract until the whole of that for which the consideration was to be paid is performed." In the subsequent section the rule stated may be broad enough to embrace all contracts, and especially contracts for service, or work and labor, and the casual reader

may be misled by it. The language is: "If one party, without the fault of the other, fails to perform his side of the contract, in such a manner as to enable him to sue upon it, still if the other party *have derived a benefit from the part performed*, it would be unjust to allow him to retain that without paying anything." But, in addition to the criterion laid down in the previous section, it is said in the note, which contains a very able review of the authorities, and citation of many authorities to sustain the position, that contracts for service are not embraced within the rule laid down in the text. "We are not aware that there are any cases upon *contracts for service* fully sustaining the proposition in the text, except the celebrated one of *Britton v. Turner*, 6 N. H., 481. After quoting largely from the opinion in that case, the note proceeds to say: "But the courts of other states have thus far shown little disposition to adopt the views of the learned judge. Thus in *Eldridge v. Rowe*, 2 Gilman, 91, the court held, upon a similar state of facts, that the plaintiff was not entitled to recover."

"An entire contract is one, the consideration of which is *entire on both sides*. The entire fulfilment of the promise by either, in the absence of any agreement to the contrary or waiver, is a condition precedent to the fulfilment of any part of the promise by the other." "The principle upon which this rule is founded seems to be that as the contract is founded upon a consideration dependent upon the entire performance thereof, if from any cause it be not wholly performed, the *casus fœderis* does not arise, and the law will not make provision for exigencies against which the parties have neglected to fortify themselves." 1 Story on Con., § 26. This text is made by the author applicable to contracts for service, and in a note are cited numerous authorities — too numerous to be repeated here — to sustain it. The text proceeds to say: "If a party agree to work for a year for the certain sum of $120, and before the expiration of the year abandon such

agreement without the consent of the other party, he cannot recover upon a *quantum meruit.*" *Stark v. Parker,* 2 Pick., 267, and many other authorities, are cited to the same proposition. We can well see how a contract for service such as the one in question ought not and cannot fall within that class of contracts, upon the part performance of which a recovery of a *quantum meruit* may be allowed, by the criterions above stated. In such a contract, when the rate of payment is stated by the month, the time of service fixed by it would be entirely nugatory, if not essential to a recovery of anything unless there has been full performance, and I think we may well say that the time of service is, if not the whole, a very important and essential part, of the consideration of the promise to pay. Such a contract is not an *apportionable* one, because the several months' service may and are quite likely to be of very different benefit and value. We may well say that if the defendant here understood that he was hiring the plaintiff's boy from month to month or for only one month, at the option of the plaintiff, there would have been no stipulation that he should work six months and the wages would have been less. It follows that the whole time is the consideration of the promise to pay, and the benefits and value for one month or for four months cannot be exactly apportioned.

The entirety of such a contract was virtually decided by this court in *Jennings v. Lyon,* 39 Wis., 553, where the contract was for one year and abandoned before the time, and suit was brought for the value of the services already rendered. The present chief justice said in his opinion: "The general rule doubtless is, that where a contract is entire, operating as a condition precedent, it is necessary for a party to show full performance on his part before he can maintain an action upon it." In that case, the only exceptions to this rule in such cases, which could be recognized, were stated to be where full performance is prevented by the act of God or

the conduct of the other party, and it was held that the plaintiff could not recover because he had not fully performed and was · not prevented from so doing by a sickness which he could not have anticipated at the time of the making of the contract. The recent case of *Bast v. Byrne*, 51 Wis., 531, is not in conflict with these views or this decision. In that case the *entirety* of the contract was not in question, but conceded, and the only question was whether the defendant had not waived his right to take advantage of its *entirety* by receiving back into his employment the plaintiff, after he had lost during the year several days by absence. It is said incidentally in the opinion in that case that holding such an opinion "is not going so far as the opinion of the court in *Britton v. Turner*," and that that case had been followed in other cases; and there the opinion says, and I think incorrectly, that "there are strong equitable reasons to sustain the doctrine of the above cases." The *entirety* of the contract is the only question in this case.

This is perhaps more than sufficient as to the general rule of *service* contracts, when the time of service is fixed, and it only remains to inquire whether the rate of compensation being fixed by the month will take this case out of this general rule and make the contract a divisible instead of an entire one, and allow a recovery from month to month, or for four months, as in this case, when the time of service is fixed at six months. Without authorities upon this exact question, it seems reasonable that the month is only mentioned in connection with the compensation to determine the rate or the whole amount. If otherwise, and this mention of the month determines the time for which the plaintiff is bound to service, then the mention of the six months' time was useless, and that part of the contract is not only contradictory to the other but nugatory But authorities in point are not wanting. In *Lantry v. Parks*, 8 Cow., 63, the contract was to work for one year *at ten dollars per month*. The

plaintiff worked ten months and a half, and then left without cause.   It was held that he could neither recover on an implied *assumpsit* or on the contract.   In *Badgley v. Heald*, 4 Gilm., 64, the contract was to work six months *at eight dollars per month*.   The plaintiff left the defendant's employment at the end of three months, and sued for his wages as by the month.   It was held that the contract was entire for six months, and that the plaintiff could collect nothing until that time had expired and he had fully performed, and that eight dollars per month was the same as if the contract had stipulated for $48 for the whole time.   In *Hansell v. Erickson*, 28 Ill., 257, the contract was to work for a certain number of months *at fifteen dollars per month*, and plaintiff left before that time.   It was held that he could recover nothing either upon a *quantum meruit* or on the contract. It is needless to pursue the question further.   The instruction that the plaintiff could not recover, asked by the defendant, should have been given, as well as the others, to the same effect.   On the testimony of the plaintiff and the son he certainly cannot recover in this action, unless he show, in contradiction of that testimony already given, that the son left the service of the defendant, not because he refused to pay him from month to month, but by the fault of the defendant in some other way, or by the act of God, and by such act of God as the plaintiff could not have reasonably anticipated when he entered into the contract.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded for a new trial in accordance with this opinion.