HILDEBRAND, Administratrix, Respondent, vs. THE AMERICAN FINE ART COMPANY, Appellant.

*January 8 — February 26, 1901.*

(1, 2) *Appeal: Review: Intermediate order.* (3–9) *Master and servant: Entire contract: Discharge for cause: Recovery for part performance.*

1. If a judgment be entered upon the verdict of a jury and afterwards upon motion an order be entered setting it aside and granting a new trial unless the party in whose favor the same was entered submits to a specified reduction thereof, and such party does so submit and the judgment is perfected accordingly, such order is an intermediate order as regards such perfected judgment, and is reviewable on appeal from such judgment, under sec. 3070, Stats. 1898.

2. If a party accept a privilege granted to take judgment, upon the theory that all facts warranting a more favorable judgment are established against him, he cannot thereafter change his attitude as to the existence of such facts for the purpose of preventing a review of any question legitimately arising thereon on an appeal from such judgment.

3. The rule that where an employee under an entire contract wrongfully terminates it he cannot recover thereon, or at all, for services rendered up to the time of such termination, does not apply to a case where such a contract has been terminated by the employer for cause.

4. The rule generally in this country is that, where a servant is prevented from performing his contract, either from sickness or death or by reason of being discharged from the master's service, whether rightfully or wrongfully, he is entitled to recover for the services actually rendered, subject to the right of a recoupment in case of a rightful discharge, as hereafter stated.

5. In an action against an employer, by an employee who has been discharged for cause, to recover for services rendered, the employer may recoup such damage as he is legally entitled to by reason of the facts which rendered such discharge justifiable.

6. Though the general rule is that where a contract is entire the consideration moving from each party to the other is entire and the rights of the parties reciprocal, full performance by one being requisite to his claiming any benefit under the contract from the other, it admits of exceptions, and one of them is that it does not apply to a party failing to complete his contract when prevented from so doing by the other party, regardless of the reason for such prevention.

7. The circumstance of terminating an entire contract for labor bears on the right of one seeking compensation for part performance thereof, as follows:

(a) If one party withdraws by consent of the other after part performance of such a contract, he can recover thereon at the contract rate for what he has done.

(b) If a party to such a contract be wrongfully prevented by the other from rendering full performance, he can recover upon the contract for the services rendered prior to such prevention, and his damages for not being allowed to complete the contract, not exceeding the full amount he could have earned by such performance, such amount, *prima facie*, being full wages for the balance of the contract period, which may be reduced by proof that wages were or might reasonably have been earned during such time.

Hildebrand vs. The American Fine Art Co.

(c) If, after part performance of such a contract by one party, he is rightfully prevented by the other from further performance, he can recover on the contract for services rendered up to the time of such prevention, subject, however, to such damages as the other party may recoup in the action for the former's misconduct.

8. In an action to recover for part performance of a contract, of the party who has rightfully terminated the same, *prima facie* the amount recoverable is the contract rate for services rendered up to the time of the discharge; and that will prevail in the absence of a claim for damages properly pleaded as a counterclaim and established on the trial.

9. A person circumstanced as last above indicated must sue upon the contract or for damages, not upon a *quantum meruit*, though his recovery must be upon that basis, it being presumed that he earned and is entitled to the contract rate for the time his services continued, till the contrary is shown by evidence to sustain a properly pleaded counterclaim.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Milwaukee county: FRANK M. FISH, Judge. *Affirmed.*

Action for damages for breach of contract. The complaint was to the effect that plaintiff was duly authorized to prosecute the action for the benefit of the estate of Alfred L. Hildebrand, deceased; that about January 2, 1897, said Hildebrand and defendant made an agreement, whereby the former bound himself to work solely for the latter for one year from January 1, 1897, and the defendant, in consideration, agreed to pay Hildebrand thereafter the sum of $5,000 as a yearly salary, together with his expenses in the performance of his duties, and to allow him in addition a compensation of ten per cent. on all orders taken for goods to be furnished by defendant in excess of $50,000 in value; that Hildebrand faithfully carried out his part of the contract till wrongfully discharged by defendant, and would have continued to do so to the end of the period of his employment if permitted by his employer; that June 9, 1897, he was discharged without his consent, and without reasonable cause, and to his damage in the sum of $3,587.54.

Hildebrand vs. The American Fine Art Co.

It was stated in the complaint, by way of particulars, that the total sum paid to Hildebrand by defendant was $2,513.46, of which $1,101 was for expenses, and $1,412.46 to apply on salary.

The answer was to the effect that $1,638.46 of the payments made to Hildebrand was exclusive of expenses and was applicable to salary, though as a matter of fact nothing was due on the salary account till the expiration of the period of employment, and except upon condition of full performance of the contract of employment on the part of Hildebrand unless he was sooner discharged without cause; that he was discharged at the time alleged in the complaint, but that it was for an adequate cause, by reason of which no sum whatever was at any time due him from the defendant; that the cause of the discharge was that Hildebrand refused to obey the reasonable directions of the defendant, that he was dissolute in his habits and negligent in the performance of his duties to an intolerable degree. The answer was further to the effect that Hildebrand might have obtained employment after his discharge and in that way prevented any damages accruing to him by reason thereof. The answer also contained a counterclaim for money alleged to have been wrongfully obtained from defendant by Hildebrand while in defendant's employ prior to January 1, 1897, on the false pretense that the same was due for expenses. The amount of the counterclaim was $1,900. Issue was duly taken on the counterclaim.

The evidence on the trial showed that the contract of hiring was made by an acceptance by defendant of a written proposition submitted to it by Hildebrand, which was as follows:

"Beginning January 1, 1897, I shall expect you to pay me a salary at the rate of $5,000 per annum, and a commission of 10 per cent. on all amounts realized by you, in cash or its equivalent, on orders or contracts secured by me exceeding

$50,000 per annum. In consideration of this I will devote myself with all energy to your selling department, collection department, contested claims and such other work as you may assign to me, serving your interests to the very best of my ability. Should you not consider my services an equivalent, nor wish to speculate for the coming year to this extent, I would ask you to kindly notify me at once, writing me clearly and to the point and without circumvention."

At the close of the evidence defendant's counsel moved the court for a verdict in its favor, which was denied. It was then conceded by defendant's counsel that if, as a matter of law, the corporation became liable to Hildebrand for wages at the rate of $5,000 per year up to the 1st day of June, 1897, plaintiff was entitled to recover the sum of $517.04. The court ruled in plaintiff's favor on that point, and further that she was entitled in any event to recover wages at the rate of $5,000 per year up to the time the deceased was discharged, June 9, 1897, and all that he could have earned thereafter during his term if permitted to serve it out, if the discharge was not for a reasonable cause. The issue on that subject was submitted to the jury and they found in plaintiff's favor, assessing the total damages at $3,321.27. Judgment was rendered accordingly. There was a motion to set aside the judgment on the exceptions taken on the trial and because it was contrary to the law and the evidence. The court decided on such motion that the judgment should be set aside and a new trial granted on the whole case, unless plaintiff consented to have such judgment stand for $517.04, that being the amount necessary, with payments theretofore made, to compensate for Hildebrand's services to June 1, 1897, at the rate of $5,000 per year. Plaintiff submitted to such condition and reduced the judgment accordingly. From that this appeal was taken.

For the appellant there was a brief by *Fiebing & Killilea*, and oral argument by *H. J. Killilea*.

For the respondent there was a brief by *Quarles, Spence & Quarles*, and oral argument by *W. C. Quarles*.

MARSHALL, J. The assignments of error are sufficient to raise the question of whether the trial court erred in ordering judgment for plaintiff for $517.04. The determination of the court upon which the judgment rests is spoken of here as an order for judgment, because that is the effect of such determination, though the order, in form, was that a new trial be granted unless the plaintiff consented to reduce the judgment to $517.04. It is contended on the part of appellant that in making such order the court decided as a matter of law that the discharge of Hildebrand was justifiable,— while it is contended by respondent's counsel that the issue as to whether the discharge was justifiable was submitted to the jury and was found in favor of plaintiff; that such finding has not been disturbed; that the judgment as finally perfected was in part based thereon; and that no motion was made for a new trial before judgment, so as to present for review here the question of whether the verdict is contrary to the evidence. Neither contention appears to be borne out by the record. The court decided that the judgment was wrong and could not stand. That necessarily involved a decision that the verdict was erroneous for some cause. The decision being general, it is impossible to say whether it was based upon the ground that the verdict was contrary to the evidence, or upon the ground that some error of law had been committed in neglecting to submit an issue of fact that, if found in appellant's favor, might have reduced the verdict to $517.04. The indications from the record, however, are that the decision of the court was based on the idea that the finding of the jury on the issue submitted was contrary to the clear preponderance of the evidence. The court ordered the judgment to be set aside and a new trial granted unless the plaintiff consented to a reduction thereof to such an amount as would cover the wages earned and unpaid up to the 1st day of June, 1897. There was no controversy as to what that amount was, and

no controversy as to the facts upon which the question turned of whether the contract was entire. Both were questions of law, to be determined by the court from undisputed evidence, and had been decided. The ruling as to the character of the contract had been duly excepted to, and such decision was adhered to in making the order. The order was submitted to by plaintiff, and the judgment was accordingly reduced. That as effectually took the verdict of the jury out of the case as a vacation of it.

The accepted option to take judgment, upon the theory that the controverted issues of fact were found against appellant, precludes respondent from insisting otherwise to prevent appellant from having the ruling of the court, ordering such judgment upon that theory, reviewed by this court. It must be considered that such issues have, in effect, been determined against respondent, and that such determination is a verity in the case. The judgment appealed from rests on the order of the court permitting it to stand for $517.04. The order is intermediate the judgment as finally perfected. It involves the merits and necessarily affects such judgment, and is therefore reviewable on this appeal, without any exception thereto. Sec. 3070, Stats. 1898.

The sole defense to plaintiff's claim pleaded in the answer, that was supported by evidence on the trial, and was then and is now insisted upon, is that the contract of employment was entire and was terminated for cause. It is claimed that the rule, that where an employee wrongfully terminates such a contract he cannot recover upon it for services rendered, applies to a case where such a contract has been terminated by the employer for cause. Counsel for respondent seems to concede that such is the law. In that view it is insisted upon one side that the evidence shows conclusively that the contract was entire, and therefore that plaintiff cannot recover; and upon the other that it was not entire, and therefore that the judgment is right.

Whether the trial court considered the turning point in the case to be the one in controversy between counsel and decided it in respondent's favor, and in that way reached the conclusion embodied· in the judgment, does not definitely appear.

Both counsel have misconceived the principles governing the facts of this case. The rule that an action cannot be maintained by an employee upon an entire contract without first fully performing on his part, does not apply where such performance is prevented by the employer, though such prevention be for cause. In the leading case in this court on the scope of the rule contended for, *Diefenback v. Stark,* 56 Wis. 462, 468, it was recognized that the rule does not apply where performance is prevented by act of God or the conduct of the party charged with the liability. In Mechem, Agency, § 635, it is said that the rule that no recovery can be had on an entire contract, without full performance, does not extend to those cases where the contract between the employer and employee is terminated by consent of the employer.

In England it appears that if an employee is prevented from carrying out his contract to the end, because of the conduct of his employer in discharging him for cause, he cannot recover for services rendered up to the time of the discharge. Smith, Master & S. (ed. 1885), pp. 220–222; Wood, Master & S. § 129. But, generally speaking, such is not the law in this country. Wood, Master & S. § 130; 14 Am. & Eng. Ency. of Law (1st ed.), 793, and cases cited; 2 Sutherland, Dam. (2d ed.), 1546; *Taylor v. Paterson,* 9 La. Ann. 251; *Lawrence v. Gullifer,* 38 Me. 532. The rule in England and this country is thus stated by Wood on Master & Servant, at § 84: "If the contract is for a term, although the rate of compensation is at so much a day, week, or month, yet if the contract is silent as to the time of payment, it is entire and indivisible, and full performance must

precede a right of recovery," in the absence of circumstances showing that the contract was not understood by the parties as entire. " So inexorable has this rule been regarded in England that it has been held that where a servant hired for a term dies before full performance, no recovery could be had by his executors for the wages earned at the time of his death, and the same rule is held in the case of a servant dismissed for cause. *But such is not now the rule in this country, but in all cases* where the servant is prevented from performing his contract, either by sickness or death, *or by reason of being discharged from the service, whether rightfully or not,* he is entitled to recover for the services actually rendered."

Circumstances may exist that will enable an employer, who has discharged an employee for cause, to defeat, in whole or in part, any claim for wages up to the time of the discharge, but the mere fact that the contract is entire will not give him that power. He may recoup such damages as are allowable to him in such a case under the rules of law, because of the conduct of the employee rendering his discharge necessary. But they must be claimed in the pleading and established on the trial. Mechem, Agency, § 619; Sutherland, Dam., *supra; Newman v. Reagan,* 63 Ga. 755. The text in Sutherland is well supported by the notes and is as follows: "The general rule, when a servant is discharged for cause, is to allow him his wages to the time of discharge, subject to deductions for his torts and deficiencies." No such damages were claimed here. On the contrary, as we have seen, it was conceded on the trial that plaintiff was entitled to the judgment rendered, unless precluded therefrom by reason of the contract of employment being entire.

There is danger, as is evidenced by this case, of confusing the law applicable to a case where an employee under an entire contract voluntarily abandons it, and that applicable

Hildebrand vs. The American Fine Art Co.

where such an employee is prevented from carrying out his contract by the justifiable conduct of his employer in discharging him. In the former case he cannot maintain an action upon the contract at all; in the latter he can maintain such an action for wages up to the time of the discharge, subject, however, to the right of the employer to recoup damages.

What has been said does not militate at all against the general rule laid down in *Diefenbach v. Stark,* 56 Wis. 462, to the effect that when a contract is entire, the consideration moving from each party to the other is entire, and their rights are reciprocal, full performance by one being requisite to his claiming any benefit under the contract from the other. However, like most general rules, it admits of exceptions, and there are several of them, one being that which is the key to plaintiff's right of recovery here, viz.: the condition precedent, of full performance by one party, is waived if the contract be terminated by the other party, regardless of whether it is by his mere consent or by his rightfully or wrongfully preventing such performance. The only bearing the cause for terminating an entire contract by one party has on the rights of the other seeking compensation for what he has done under it, may be stated as follows: If one party to a contract withdraws from it by consent of the other after part performance thereof, he can recover for what he has done at the contract rate. If a party to an entire contract, after part performance thereof by him, be prevented by the wrongful conduct of the other from rendering to such other complete performance, he can recover upon the contract for what he has done, at the contract rate, and his damages for not being allowed to fully perform, not exceeding the full amount he could have earned by such performance. If, after part performance of such a contract by one party, he is rightfully prevented by the other from further performance, he can recover on the contract for the part

performance, not exceeding the contract rate, being liable to respond in damages to the adverse party to the amount of the latter's legal damages caused by the acts that justified the termination of the contract.

The foregoing is in harmony with *Walsh v. Fisher*, 102 Wis. 172; *Winkler v. Racine W. & C. Co.* 99 Wis. 184; *Dickinson v. Norwegian P. Co.* 101 Wis. 157; and other cases decided by this court. In this class of cases it is said the basis of recovery is the contract, though the amount recoverable is by no means absolutely fixed thereby. It *prima facie* furnishes the standard from which to compute the value of the claimant's services, and while the recovery cannot exceed the amount computable by such standard it may be reduced by damages suffered. The rule is laid down in Wood, Master & S., at § 130, thus: "A dismissal for cause before the expiration of the term does not operate as a rescission of the contract, so as to enable the servant to sue upon *quantum meruit*. He must either sue upon the contract or for damages for its breach, and in either event the result of his recovery is the contract price, subject to such deductions as the master is legally entitled to." That is to say, while the person dismissed from service for cause cannot sue upon a *quantum meruit*, his recovery must be upon a *quantum meruit* on the contract basis, it being presumed that he earned and deserves the contract price for the time his services continued, till the contrary be shown by evidence establishing a right to deductions therefrom as recoverable damages. In short, as said by one of the authorities above quoted, the discharged servant is entitled in any event "to his wages to the time of his discharge, but subject to deductions for his torts and deficiencies."

It follows from the principles stated that the judgment appealed from is right, regardless of any question presented in the briefs of counsel for either side. Plaintiff's intestate, after part performance of his contract with appellant, was

for good cause prevented from completing his term. Such performance, at the contract rate, with interest, amounted to the sum for which judgment was rendered. No damages were claimed for the acts, of which the intestate was guilty, that necessitated his discharge. That being the situation at the time the judgment was ordered, there was nothing before the court entitling appellant to any diminution of the amount earned by the intestate at the contract rate.

*By the Court.*— The judgment of the circuit court is affirmed.