Whitney, Appellant, vs. Whitney Brothers Company and others, Respondents.

*January 30—February 18, 1913.*

*Contracts: Collateral agreement by stockholders to sell stock to employee of corporation: Payment by continuing in service: Entire contract: Part performance: Pledge of stock: Redemption: Right to increment: Stock dividends.*

1. Two of the stockholders of the defendant corporation, at the time plaintiff entered its employ, caused to be issued to him $5,000 of stock in the corporation and received from him an interest-bearing note for $5,000, payable to them on or before five years thereafter and secured by a pledge of the stock. They also made a written agreement with him that if he should remain in the service of the company for five years and should pay the interest on the note during that time the note should be deemed to be paid in full and should be surrendered to him with the pledged stock; that should he wish to leave the said service before the expiration of five years he might do so and surrender his stock and receive back his note; and

that he should be entitled to receive on his stock all dividends earned by it up to the time of such surrender. Plaintiff quit the service before the end of the five years and brought this action to redeem the stock. *Held*, that his written contract with such stockholders was wholly collateral to the contract of employment between him and the corporation; that it permitted him to acquire the stock either by paying $5,000 and interest or by serving the corporation for five years and paying interest; and that upon his failure to serve for the full five years he was entitled to the stock only upon payment of the $5,000 and interest. *Hildebrand v. American F. A. Co.* 109 Wis. 171, distinguished.

2. Upon payment of his note for $5,000 with the interest thereon, plaintiff should be allowed to redeem the pledged stock with all increment in the way of dividends; but a dividend payable in cash or stock having been taken by the pledgees in stock and being still in their hands, plaintiff must take it in that form.

APPEAL from a judgment of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

The appeal is from a judgment of the circuit court rendered in a suit brought to redeem certain shares of stock held by the respondents as collateral security for a note of appellant for $5,000. The judgment allowed the appellant to redeem upon payment of the face of the note and interest. Claiming to be entitled to greater relief, this appeal is brought.

For the appellant the cause was submitted on the briefs of *John Brennan.*

For the respondents there was a brief by *Crownhart & Foley,* and oral argument by *W. R. Foley.*

TIMLIN, J.    *Whitney Bros. Company* is a stock corporation organized under the laws of Wisconsin with a nominal capital of $200,000, divided into 8,000 shares of the face value of $25 per share. Its headquarters are in the city of Superior and its business consists of general contracting, dredging, pile-driving, dock building, towing, lightering, etc. The corporation succeeded to the property and business of a copartnership, and the plaintiff was an employee of said co-

partnership for some years prior to the formation of the corporation. On March 1, 1904, when the corporation came into existence, the plaintiff executed to two of the members of the former copartnership, then stockholders of the corporation, his promissory note for $5,000, payable on or before five years after date, with interest at six per cent. per annum payable annually. A certificate for 200 shares of the corporate stock was issued to plaintiff and he immediately hypothecated the same as collateral security to his note. An agreement as follows was made by and between the plaintiff and said two shareholders:

"We, the payees named in the above note, do hereby agree that if the above named *W. W. Whitney* continues in the service of *Whitney Bros. Company,* by whom he is now employed as foreman, for the period of five years and shall pay interest on the aforesaid note during that time, at the end of said period the said note shall be deemed to be paid in full, and shall be surrendered together with the stock thereby hypothecated to the said maker of said note. We further agree that if, at any time before the said five-year period shall elapse, the said maker of said note shall desire to quit and withdraw from the position he holds in the said corporation of *Whitney Bros. Company,* he may do so, and surrender his said stock to us and receive back the aforesaid note. He shall be entitled to receive on his stock all dividends which the same shall have earned up to the time of such surrender of said stock."

On June 15, 1904, the plaintiff quit the employment of the *Whitney Bros. Company* voluntarily. On January 1, 1905, he again entered its service and continued in such service until February 23, 1907, when he again quit said service, and during all the period of his service there was paid to him by the corporation a salary of $100 per month. He never paid any part of the said note or the interest thereon nor gave any indication of his intention to surrender his stock and receive back the note. March 1, 1909, a dividend of forty per cent.

was declared upon the stock of the corporation, payable in cash or in stock as each shareholder might elect.  Plaintiff made no election.  The payees in the note and pledgees of the stock elected to take the stock dividend and eighty additional shares of stock were accordingly issued to them.  No other or further dividends have been declared.  About March 1, 1908, without the knowledge or consent of plaintiff, the pledgees attempted to cancel plaintiff's certificate for 200 shares of stock by surrendering it up and having reissued to each of them ninety-nine and one-half shares and one share to one E. L. Baum.  On the trial of the case they offered to surrender up the pledged stock, including the stock dividend for eighty shares, upon payment of the note and interest.

Error is assigned because the circuit court refused to find that the plaintiff went to work pursuant to the contract.  We cannot see that that finding would make any difference in the result.  We may assume that he did.  But the contract consisted of the written contract relative to the purchase of stock and the oral contract of the corporation to pay him $100 per month for his work.  The first was between the plaintiff and the two *Whitneys,* the second between the plaintiff and the corporation.  The case of *Strait v. Northwestern S. & I. Works,* 148 Wis. 254, 134 N. W. 387, is distinguishable in that there the consideration for the purchase of the stock went to the corporation and the latter was to issue its shares in payment.  Here the written contract is wholly collateral to the contract between plaintiff and the corporation.  The written contract for purchase of stock provided for the manner of performance.  It might be performed by payment of $5,000 with interest at six per cent., or it might be performed by continuing in the service of *Whitney Bros. Company* as foreman for the period of five years and paying interest on the $5,000 during that time.  It also provided what should be done in case the plaintiff quit the service of the corporation before five years.  The plaintiff failed to perform in either manner, and

the judgment gives him the right to perform in the first mentioned way. The suit is brought for an accounting, and the prayer of the complaint is that the amount due on plaintiff's note, if anything, be ascertained, and that he be allowed to redeem his stock on payment of such amount, and for cancellation of the stock certificates issued upon surrender of the certificate representing the pledged stock. He seems to have been awarded all the relief to which he was entitled.

The appellant's contention is that he was entitled to such proportion of the $5,000 as the time of his service bore to the five years which he agreed to serve, and was also entitled to the value of the stock dividend instead of the stock dividend itself, and that this sum should be set off against the amount of $5,000 and interest and the plaintiff required to pay only this difference in order to redeem. We think this would be making a contract between the parties which they never assented to.

There was no agreement to give plaintiff $5,000 or any other sum of money beyond his salary of $100 per month. The agreement was to give him 200 shares of corporate stock, which he might pay for with $5,000 and interest at six per cent. per annum up to the time of payment or by five years' service to the corporation as foreman, he paying also $300 a year interest. He actually worked for the corporation only about two years and five months, and the whole period from the time he first commenced to work for the corporation until he finally quit was about three years. The first contract, viz. that he might have the stock by paying the $5,000 note and interest, arises from the execution and delivery of the note, the pledge of the stock certificate for 200 shares as collateral thereto, and the provision in the writing of even date that upon payment of the note the transfer of the shares to the pledgee should be null and void. The second contract obligation is independent of this and presents the case of two shareholders in a corporation contracting to make over to an

employee of the corporation 200 shares of the corporate stock, their individual property, if such employee shall continue in the service of the corporation as foreman for five years and pay them a sum equal to the annual interest at six per cent. on $5,000.

*Hildebrand v. American F. A. Co.* 109 Wis. 171, 85 N. W. 268, is not in point. That case declares and applies a rule applicable to the relation of master and servant, which relation does not exist between the plaintiff and the payees in his note. There the contract did not expressly provide what the rights of the plaintiff should be in case he quit the service, here it does. By the terms of this contract performance on the part of the plaintiff by continuing in the corporate employment for five years must precede performance on the part of the shareholders, and such performance goes to the consideration upon which the promise of the shareholder defendants rests. The loss to these defendants by breach on the part of the plaintiff is almost impossible of ascertainment. It does not follow at all that where a foreman engages for five years' continuous service for a fixed sum that each year of the five is worth one fifth of that sum. Experience and cumulative effort and continued policy count for much, and the difference in the value of the services of a foreman who has a stake in the result and those of one who has no interest beyond his salary is well recognized. This contract to transfer the shares in consideration of five years' services to the corporation is wholly collateral to the contract of service, is not between master and servant, and falls within and is governed by the rule of *Collat v. Gottschalk,* 142 Wis. 503, 125 N. W. 957, and the agreement to make over the shares to plaintiff is contingent and dependent upon full and complete performance by the plaintiff. Part performance is insufficient to confer any rights upon him. The contract itself expressly recognizes this. We find no waiver of this full performance on the part of the defendants.

Second. The plaintiff should not be allowed to redeem from

the original pledge of 200 shares and at the same time treat the issue of the stock dividend thereon to the pledgees during the period of the pledge as a conversion. This would be inconsistent with the equity of a redemption suit. The plaintiff comes into equity to redeem and he is allowed to redeem his pledge with all increment. If the increment had been disposed of by the pledgee so that it could not be returned, then equity would no doubt decree compensation; but where the increase with the original pledge is still in the hands of the pledgee, redemption is equity. Recovery for conversion of the increment may not be equity in case the stock dividend has decreased in value during the period of plaintiff's delay.

*By the Court.*—Judgment affirmed.