Geraghty *v.* Pitcairn, Appellant.

Argued October 2, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Randolph W. Childs,* for appellant.

*Marshall A. Coyne,* for appellee.

OPINION BY CUNNINGHAM, J., December 16, 1931:

Plaintiff had a contract, originally verbal but later confirmed in writing, for handling "the publicity account" of defendant. During its term, he was discharged and the parties found themselves unable to agree upon the question whether anything was then due plaintiff under its terms—plaintiff claiming $650 more than he had received and defendant denying liability for any amount beyond what he had already paid. An action was commenced in the court below; after service of the summons and prior to the filing of any pleadings the parties stated a case for the judgment of that court, reserving the right to appeal. The trial judge, being of opinion that plaintiff was entitled to recover the amount claimed, entered judgment in his favor and we now have this appeal by defendant.

These material facts appear from the case stated: Under date of June 11, 1925, defendant wrote plaintiff a letter for the purpose, as stated, of confirming their verbal understanding, the material portions of which read: "I agree that you shall handle the publicity account of Pitcairn Aviation for the period commencing June 8, 1925, and terminating September 1, 1926. Your compensation for this work shall be the sum of six thousand ($6,000) dollars, payable monthly, at the rate of three hundred fifty ($350) dollars per month at the end of each month, and the balance at the termination of the contract. You shall have full control of all publicity work for Pitcairn Aviation subject to my direction." A copy of the letter was enclosed and at the request of defendant plaintiff indicated his acceptance of the proposal by signing and returning the copy.

Plaintiff rendered the services contemplated until June 29, 1926, when, in the language of the case stated, "he was rightfully and lawfully and for good cause discharged by the defendant from all employment with the defendant." The term of the contract was fifteen months and plaintiff's entire compensation was to be $6,000, payable $350 per month at the end of each month (aggregating $5,250), and the balance—$750— "at the termination of the contract." Plaintiff was discharged after he had performed his part of the contract for approximately thirteen months. During this period defendant paid him at the rate of $350 per month, or a total of $4,550. Plaintiff did not contend he was entitled to compensation for the entire term of the contract but asserted that, in addition to the thirteen monthly payments he had received, he was entitled to be paid 13/15ths of the balance of $750, agreed to be paid at the termination of the fifteen months period contemplated by the agreement, or $650. Reduced to its simplest form, we have a contract of employment for fifteen months under the terms of which the total compensation of $6,000 was to be paid under two methods, (a) $350 at the end of each month, and (b) $750 at its termination. The employe was discharged for good cause at the end of thirteen months; he admits his employer has met his full legal liability to him with respect to the monthly payments, but claims out of the balance he would have received at the end of the fifteen months a sum proportionate to the length of time he actually rendered the contemplated services.

As the case is presented, we think the matter of the monthly payments may be disregarded and the inquiry then comes down to this: Where an employe has been engaged to render services for a period of fifteen months for a consideration, inter alia, of $750, payable at the end of the period, does his discharge

for good cause at the end of thirteen months prevent him from recovering any part of the $750, or is he entitled to recover such part thereof as is proportionate to the length of time his employer had the benefit of his services? It is argued in behalf of the employer, (a) that the $750 was intended by the parties to be withheld as a "stimulus to honest effort" and was to be forfeited in the event of the employe's justifiable discharge, and (b) that, in any event, the contract was intended to be entire, although periodical payments were to be made, and as the employe did not render full performance he is not entitled to any part of the $750. One difficulty with these arguments is that the parties have not seen fit to disclose in the case stated the nature of the services contracted for, their reason for providing the two methods of payment, or the circumstances of the discharge. Without knowledge of the nature of the services we cannot determine whether the contract was entire or severable, but as that question is not controlling we may assume it was entire. Nor can we speculate about the purpose of the parties in postponing the time for payment of the $750 until the end of the term; there is, however, no language in the contract expressly indicating it was to be a form of bonus to be paid only if and when the employe rendered services for the full term. As to the discharge, the employe admitted, by entering into the case stated, that it was "for good cause." We think the strongest inference from this admission is that the employe concedes his conduct was such that he has forfeited any claim for compensation for services which would otherwise have been rendered subsequent to his discharge. He made no claim for services beyond the date of discharge, nor did the employer claim he had suffered any damages through the conduct of his employe.

None of the cases cited in behalf of appellant was

decided upon facts exactly comparable with those here appearing. In some of them the employe was seeking to recover compensation for services that would have been rendered subsequent to the date of his justifiable discharge. The plaintiff in Libhart v. Wood, 1 W. & S. 265, was denied the right to recover arrearages of wages because of his embezzlement, and in Singer v. M'Cormick, 4 Ibid. 265, the action was by the employer to recover money paid the employe above the amount due at the time of discharge. In Schneider v. Brewing Company, 136 Maryland 150, the employe voluntarily resigned. The contract there was divisible and it was held that as the employe had breached it he could recover only the installments of salary earned up to the time of his resignation. In Peniston v. John Huber Company, 196 Pa. 580, the plaintiff was employed as manager of defendant's publishing department for a term of two years; he was to receive one-third of the accrued net profits as shown by settlements to be made every three months, commencing November 1, 1890, and at the expiration of the two years was to have one-third of the value of the plates, copyrights and stock. Having been discharged about the time the first settlement should have been made, he sued for damages and the question whether he had been properly discharged was submitted to the jury. In reversing the judgment for plaintiff the Supreme Court held that under the undisputed facts the trial judge should have instructed the jury the discharge was justifiable. A new trial was directed to determine "under evidence more satisfactory than has been produced, what profits, if any, had accrued to November 1, 1890, to one-third of which he is entitled." Reliance is placed by appellant upon this further paragraph in the opinion: "All other compensation under the contract he forfeited by his misconduct and lost when he was properly discharged." The contract in

that case differed materially from the one with which we are now dealing and when the case is read in the light of its facts it is authority for the general proposition that an employe discharged for good cause is entitled to receive the compensation earned up to the time of his discharge, but can claim nothing beyond that.

The rule in England seems to have been that where a servant hired for a term dies before full performance no recovery can be had by his personal representatives for the wages earned up to the time of his death, and the same rule was applied to the case of a servant dismissed for cause. Counsel for appellee contends this rigorous rule has never been the law in our country; that the rule here is that as the employer has had the benefit of the employe's work he is liable to the employe for the reasonable value thereof up to the time of discharge, subject to any deduction for damages suffered through the employe's breach of contract, by which the discharge was rendered necessary or justifiable. Hildebrand v. American Fine Art Company, 109 Wis. 171, 53 L. R. A. 826, is cited in support of this contention. There the plaintiff was employed for one year; his compensation was to be expenses, a commission on orders in excess of $50,000 and $5,000 payable at the end of the year. Plaintiff was discharged for good cause during the course of the year. He had received certain payments from time to time although defendant was not bound to make them and the case finally came down to a question of the salary of $5,000. By apportioning it to the time of discharge there was a balance of $517 due plaintiff. The defense was that the contract was entire and terminated for cause. Plaintiff was awarded the $517 as due for salary. In the course of the opinion, after pointing out that the rule, to the effect that where an employe under an entire contract voluntarily abandons it he cannot main-

tain an action thereon, does not apply when the employe has been discharged even for cause, it was said: "In this class of cases it is said the basis of recovery is the contract, though the amount recoverable is by no means absolutely fixed thereby. It prima facie furnishes the standard from which to compute the value of the claimant's services. ....... The rule is laid down in Wood, Mast. & S. at section 128 thus: 'A dismissal for cause before the expiration of the term does not operate as a rescission of the contract so as to entitle the servant to sue upon quantum meruit, but he must either sue upon the contract ...... or for damages for its breach. And in either event the limit of his recovery is the contract price, subject to such deductions as the master is legally entitled to.' That is to say while the person dismissed from service for cause cannot sue upon a quantum meruit, his recovery must be upon a quantum meruit on the contract basis, it being presumed that he earned and deserved the contract price for the time his services continued till the contrary be shown by evidence establishing a right to deductions therefrom as recoverable damages." The general rule applicable to the facts of the present case, therefore, seems to be that if, after part performance even of an entire contract by one party, he is rightfully prevented by the other from further performance, he can recover on the contract for the part peformance, not exceeding the contract rate, being liable to respond in damages to the adverse party to the extent of any legal damages caused by the acts that justified the termination of the contract. As stated, no claim is here made by appellant for damages.

We are of opinion that the conclusion reached by the court below is supported by reason and authority and accordingly overrule the assignments.

Judgment affirmed.