## MITCHELL NOVELTY CO. v. UNITED MFG. CO.

### No. 50 C 303.

United States District Court
N. D. Illinois, E. D.

Nov. 9, 1950.

John R. Ryan, Chicago, Ill., for plaintiff.

Becker & Savin, Chicago, Ill., for defendant.

LA BUY, District Judge.

The complaint, based upon diversity of citizenship and requisite jurisdictional amount, alleges that during January 1949 Beck, president of plaintiff corporation, conceived an idea for a coin operated game simulating a bowling game played upon a shuffleboard, having an electrically controlled scoring device, and automatic return of the puck or weight, which game is called Shuffle Alley and which Beck assigned to the plaintiff corporation; that on or about the 1st day of July 1949 defendant and plaintiff commenced negotiations regarding its manufacture; that later in July a conference was had at plaintiff's office in Milwaukee wherein Beck disclosed his ideas for development of the game to defendant's president, Durant, and plaintiff at this time requested a royalty of 10% of the selling price of each game; that defendant stated the percentage was too great and that 5% would be more reasonable and "it was then and there agreed that a reasonable royalty to be fixed later when and if defendant decided to manufacture

said game, would be paid to the plaintiff for its ideas for the development of said game, based upon a percentage of the manufacturers sales price of each game manufactured and sold by defendant"; that defendant built a working model to test the public's acceptance and in September 1949 defendant commenced to manufacture same; that in October 1949 plaintiff requested from defendant definite determination of the number of games and amount of royalty due them and was advised that defendant was unable at that time to give plaintiff an accounting and not to worry; that in November plaintiff again renewed its request and was informed for the first time that plaintiff had no money coming from defendant. Plaintiff claims a reasonable royalty equivalent to 5% of the selling price. It is further alleged that plaintiff purchased a large number of the manufactured games from defendant paying one-half in cash and the balance secured by conditional sales contracts; that in January 1950 it was agreed between the parties that these contracts were to be considered paid and cancelled as partial payment on account of royalties accrued; that contrary thereto defendants obtained a judgment by confession on February 10, 1950 in the Municipal Court of Chicago. As to this judgment, this court had previously ruled upon plaintiff's request to enjoin enforcement of this judgment and plaintiff's request was denied. The complaint prays for a full and complete accounting; an injunction restraining defendants from taking any action under the conditional sales contracts; and for an injunction restraining defendants from manufacturing and selling said game.

Defendant has filed a motion to dismiss said complaint for failure to state a claim upon which relief can be granted in that the alleged agreement is an agreement to enter into an agreement at a later date and in any event is void for uncertainty and cannot bind the parties; and that said alleged agreement is void and unenforceable under the Statute of Frauds since it is not to be performed within one year and is not in writing as required by law.

One of the essential elements for the formation of a contract is a manifestation of assent by the parties to a contract to the terms thereof and is usually evidenced by an offer and acceptance. An offer must be so definite in its terms, or require such definite terms in the acceptance that the promises and performances to be rendered by each party are reasonably certain. The allegation of the complaint that "a reasonable royalty to be fixed later" was to be paid plaintiff is to be tested with this guide in mind. Restatement of the Law of Contracts, Section 32, subparagraph 10, gives the following example of an offer: "A promises B to do a specified piece of work and B promises A to pay a price to be thereafter mutually agreed. As the only method of settling the price is dependent on future agreement of the parties, and as either party may refuse to agree, there is no contract. (It should be noticed that retention of a benefit under these circumstances may give rise to a quasi contractual duty.)"

The court is of the opinion that the alleged facts fall within this example and that no enforceable contract was made between the parties since the performance and duties of the parties are not reasonably certain.

In Matarese v. Moore-McCormack Lines, 2 Cir., 1946, 158 F.2d 631, 170 A.L.R. 440, upon which plaintiff relies to show that the "reasonable" compensation agreed upon in the instant case would not render the agreement uncertain, there was no reliance upon alleged contract terms, but upon the theory of unjust enrichment and the court on the basis of that theory held that when the fact of damage is certain, the uncertainty of the amount of damages would not defeat recovery.

However, there is a similarity in the above cited case and the instant case since Matarese first proceeded upon a contract theory for the recovery of certain inventive ideas disclosed to the defendant, but subsequently abandoned that theory and amended his complaint to allege unjust enrichment. In discussing this change of theory the court said, 158 F.2d at page

**614**

633: "The main legal issue of the appeal turns, therefore, upon the validity of plaintiff's claim of unjust enrichment under the circumstances of this case. Defendants object to the amendment of the complaint from the theory of the contract, but an amendment of even more extensive character would have been permissible under Federal Rules of Civil Procedure, rule 15(b), 28 U.S.C.A. following section 723c, had it been necessary to have presented the real issue actually litigated between the parties. In fact, however, this appears to have been merely an amendment to change the prayer for relief and was quite unnecessary, since the demand for judgment does not limit the form or amount of the relief except in case of a judgment by default. Federal Rules of Civil Procedure, rule 54(c); Gins v. Mauser Plumbing Supply Co., 2 Cir., 148 F. 2d 974, 976. * * *"

Rule 54(c) provides in part: "* * * Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

Thus, in the instant case plaintiff has requested an accounting based upon the existence of an alleged contract. It is the rule that the prayer of a complaint forms no part of the cause of action and a pleader is entitled to the relief made out and stated in the pleadings.

The defendant's contention of the bar of the Statute of Frauds is without merit. Restatement of the Law of Contracts, Section 178, page 232 designates the classes of contracts unenforceable under the law unless there is a written memorandum thereof signed by the party against whom performance is sought and the pertinent classification here applicable is Class V: "Bilateral contracts, so long as they are not fully performed by either party, which are not capable of performance within a year from the time of their formation."

Further Section 198 of the Restatement states: "Where any of the promises in a bilateral contract cannot be fully performed within a year from the time of the formation of the contract, all promises in the contract are within Class V of § 178 (Statute of Frauds), unless and until one party to such a contract *completely* performs what he has promised. When there has been such complete performance, none of the promises in the contract is within Class V."

A full performance of the alleged contract is stated to have been rendered by the plaintiff. Defendant contends that under Wisconsin law performance does not remove the agreement from the operation of the Statute of Frauds. In re Hippe's Estate, 200 Wis. 373, 228 N.W. 522. This case is not in contradiction to the above quoted rule from Restatement since the claimant in the Hippe case could not have fully performed his contract within one year.

Under the facts alleged in the present complaint the court is of the opinion that it states a claim upon which relief can be granted and the motion to dismiss is therefore overruled. An order has this day been entered in accord therewith.