GRAF, Respondent, vs. LAEV, Appellant.

*December 12, 1903—January 12, 1904.*

*Contracts: Architects: Instructions to jury: Mitigation of damages: Burden of proof: Tender of performance.*

1. In an action to recover for the services of an architect, the terms of the contract under which they were rendered being in dispute, the court instructed the jury that they could not find for the plaintiff unless they were satisfied by a preponderance of

the evidence that the contract *was in all respects* as claimed
by the plaintiff, and that if they were not so satisfied or were
satisfied that the minds of the parties did not meet as to the
portions of the contract in dispute, they should find for the
defendant. *Held*, that a refusal to instruct, in effect, that if
the jury should find the contract to be as claimed by the de-
fendant the plaintiff could not recover, was not error.

2. Where, in an action to recover for personal services, such as an
architect's, the evidence shows part performance by plaintiff,
and a willingness to perform the remainder, which was pre-
vented by defendant, the plaintiff is entitled to recover the
full contract price, in the absence of evidence that the plaintiff
might have obtained employment elsewhere, or of any fact in
mitigation of damages.

3. In such case, the burden of proving mitigation of damages is
on the defendant.

4. Evidence, among other things, that an architect prepared plans
for a building, retained the originals in his office, and had
copies out with contractors; that several months later the
owner told the architect that he did not intend to build, and
that the architect then told the owner that he could have the
plans at any time he wished to go ahead with the building, is
*held* sufficient to sustain a finding of the jury that the plans
had been tendered to the owner.

APPEAL from a judgment of the circuit court for Milwau-
kee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

The complaint alleges, in effect, that June 21, 1900, the
plaintiff, an architect, agreed with the defendant (1) to
make, prepare, and furnish to and for defendant plans and
specifications for the proposed construction of two flat build-
ings; (2) to superintend the construction of same; and
(3) to superintend the removal and remodeling of two other
dwelling houses belonging to the defendant, for all of which,
and the labor and services in that behalf, defendant agreed to
pay plaintiff $345.04; that the plaintiff performed all of the
foregoing, except (2) the superintending of the construction
of the two proposed flat buildings; that although plaintiff was
always, and still is, ready and willing to do said work, and
offered to perform, he was prevented by the defendant from
performing said part of the contract; that the defendant on

October 30, 1900, paid $40 on said contract, and still owes the balance of the contract price, $305.04, for which sum judgment is demanded. The answer consists of several admissions, and the denial of the making of the contract alleged in the complaint, and alleges the making of a different contract. At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at $305.04.

From the judgment entered thereon for that amount, with costs, the defendant appeals.

In charging the jury, the court properly stated the claims of the respective parties as follows:

"The plaintiff claims that on or about June 21, 1900, he entered into a contract with the defendant wherein it was agreed that plaintiff should, as is alleged in the complaint, (1) prepare and furnish plans and specifications for the construction of two flat buildings for the defendant; (2) superintend the erection and construction of said flat buildings; (3) superintend the removal and remodeling of two so-called old houses of the defendant; and that for plaintiff's services, work, and labor in this behalf he claims that the defendant agreed to pay the plaintiff the sum of $345.04, or four per cent. of the estimated cost of all of such work just detailed. On the part of the defendant, it is insisted that there was a contract between the parties which covered an agreement in respect to the removal and remodeling of the two so-called old houses of the defendant, and that as compensation for these services, work, and labor, plaintiff was to receive the sum of $40, which work was performed and payment made, and that, as to the rest of the contract claimed by plaintiff to have been made, defendant insists that it was simply an offer, which was not to be accepted unless the estimates for the construction thereof did not exceed, substantially, the sum of $6,000."

The court thereupon instructed the jury, among other things, as follows:

"The burden of proof as to the issue in this case is upon the plaintiff; that is to say, the plaintiff must prove by a preponderance of the evidence that his contention is correct.

. . . If your minds, gentlemen, are satisfied by a prepon-
derance of all the evidence in the case that the parties did
contract, *as the plaintiff contends they did,* and as set forth
by the court in its charge—that is to say, if the minds of the
parties plaintiff and defendant met on the proposition con-
tended for by the plaintiff—then your verdict should be for
the plaintiff. But if, from a preponderance of all the evi-
dence in the case, *your minds are not so satisfied or con-
vinced,* then your verdict should be for the defendant. . . .
If you believe from a preponderance of all the evidence in
the case that the minds of the parties did not meet as to the
new work—that is to say, as to the flat buildings—and that
there was no agreement consummated as to the same, then
your verdict should be for the defendant. . . . If you
find that the plaintiff, *Graf,* was employed to make, prepare,.
and furnish to and 'for the defendant, *Laev,* plans and speci-
fications for the proposed erection and construction of two
certain flat houses or flat buildings, then, in order to entitle·
said plaintiff to recover any compensation therefor, he must
show their delivery to the defendant, *Laev,* or a tender of
them to the defendant, *Laev.* I further instruct you that the
burden of proof is upon the plaintiff that the contract relat-
ing to the flat buildings was actually made, and that the·
minds of both parties actually met."

For the appellant there was a brief by *Roemer & Aarons,*
and oral argument by *C. L. Aarons.*

For the respondent the cause was submitted on the brief
of *Ernest A. Kehr.*

Cassoday, C. J.    1. Error is assigned because the court
refused to instruct the jury, in addition to the portion of the·
charge given in the foregoing statement, as follows:

"If you find that the defendant, *Laev,* required plans and
specifications for certain buildings, to cost about the sum of
$6,000, there can be no recovery by the plaintiff, *Graf,* unless
the said buildings could have been erected for about the sum
named."

The parties differed widely as to the terms of the contract.
The instruction so requested is to the effect that, if the jury

should find the contract to be as claimed by the defendant, then the plaintiff could not recover. The instructions given and found in the statement of facts, in effect, covered all that was requested, and more, too. The jury were instructed to the effect that they could not find for the plaintiff unless they were satisfied by a preponderance of the evidence that the contract *was in all respects* as claimed by him; that, if they were not so satisfied or convinced, their verdict should be for the defendant; and that if they believed from a preponderance of the evidence that the minds of the parties did not meet as to the new work—as to the flat buildings—then they should find for the defendant. We must hold that there was no error in refusing such instruction.

2. Error is assigned because the court charged the jury as follows:

"If you find for the plaintiff—that is to say, if you find that the contract was entered into between the parties as contended for by the plaintiff—then you will take up the consideration of the damages recoverable in this action; and I instruct you, as a matter of law, that, if you find for the plaintiff, the damages recoverable by the plaintiff in this action are the sum of $305.04."

The amount so stated was the full amount of the contract price, as claimed by the plaintiff. True, the terms of the contract were in dispute, and accordingly the amount of the plaintiff's compensation was in dispute. But it will be observed that under the charge of the court, as given, the jury were precluded from finding any damages in favor of the plaintiff unless they first found that the contract between the parties was "as contended for by the plaintiff." The jury having found that the contract was as claimed by the plaintiff, the question presented is whether in assessing damages there should have been an abatement from the full contract price. There is no question but that the plaintiff performed most of the services under the contract, as he claimed it to be, and was ready at all times to perform the balance. Prior to the

time when the defendant refused to go on with the job, the plaintiff declined to do work for other parties for the reason that he expected to perform his contract with the defendant. As conceded by counsel for the defendant, the contract was for the personal services and skill of the plaintiff, as an architect, in planning and designing and superintending the work contracted for, and certifying to the sufficiency of the work of contractors, and the correctness of bills rendered. Such work could not be delegated to others. The plaintiff was undoubtedly entitled to recover the amount which he would have earned under such contract, less what he might in the meantime have earned elsewhere. *Winkler v. Racine W. & C. Co.* 99 Wis. 184, 188, 74 N. W. 793. In that case it was held that "in an action by an employee to recover damages for such wrongful discharge, the burden of proving in mitigation of damages that the plaintiff could have obtained employment elsewhere is upon the defendant." As there said by way of quotation from an earlier case:

"In the absence, therefore, of any evidence that the party might have obtained any other employment, the law can adopt no other rule of damages than the contract price, unless there is some legal presumption that such other employment might be obtained." *Danley v. Williams,* 16 Wis. 581, 586. See, also, *Hildebrand v. American F. A. Co.* 109 Wis. 171, 181, 85 N. W. 268.

In the case at bar the defendant failed to prove that the plaintiff might have obtained such employment elsewhere, or any fact in mitigation of the plaintiff's damages. The case is unlike *Nilson v. Morse,* 52 Wis. 241, 9 N. W. 1, and other cases cited by counsel, where the performance of the specific work contracted for could be delegated to others. We find no error in charging the jury on the measure of damages.

3. As indicated in the statement of facts, the court charged the jury that in order to entitle the plaintiff to recover any compensation for making, preparing, and furnishing the

plans and specifications, he must show their delivery or tender of them to the defendant. It is now claimed that the evidence is insufficient to support the verdict to the effect that such plans and specifications were so delivered or tendered. The plaintiff testified to the effect that, after the contract for removal and remodeling was completed, he had the originals in the office, and copies out with the contractors, and he believed the defendant also had a copy; that, when the defendant refused to go on with the flat buildings, the plaintiff had the plans and specifications of those buildings; that he had no reason to offer them to the defendant, and did not; that in the latter part of December, 1900, the defendant said he was not going ahead with those buildings; that, when he said that, the plaintiff told him he could have the plans and specifications any time that he wanted to go ahead; that he could have them "any time he wished to go ahead with those buildings—any time in the future." We are constrained to hold that the evidence was sufficient to sustain the finding of the jury to the effect that such plans and specifications were tendered to the defendant as stated in the charge of the court. *Wright v. Young,* 6 Wis. 127; *Potter v. Taggart,* 54 Wis. 395, 11 N. W. 678.

We find no error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.