FT. WORTH & D. C. RY. CO. v. WILKINSON.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 30, 1912.)

1. CARRIERS (§ 321*) — PASSENGER'S ACTION FOR INJURIES—INSTRUCTIONS—CONFORMITY TO PLEADINGS AND ISSUES.

The petition, in a passenger's action for injuries, alleged that after the train started there was something wrong with the engine, that it became defective or out of repair in some way unknown to the passenger, and that the agents and servants of the company in operating the train caused it to suddenly stop and start with unexpected jerks and to lurch forward and backward with unusual and extraordinary movements by reason of which jerks, jars, or sudden stopping or starting plaintiff was thrown against a door, and that her injuries were proximately caused by defendant's negligence in operating a defective engine in a careless and negligent manner. The court submitted to the jury the questions whether defendant was negligent by reason of using an engine in the disabled condition shown by the testimony or in making sudden stops or starts. Held, that this erroneously submitted a ground of negligence not alleged in the petition; the petition limiting the charge of negligence to the manner in which the defective engine was operated, and not charging that the condition of the engine was due to negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1337, 1343; Dec. Dig. § 321.*]

2. APPEAL AND ERROR (§ 1170*)—DISPOSITION — AFFIRMANCE NOTWITHSTANDING ERROR.

Rule 62a for Courts of Civil Appeals (149 S. W. x), providing that judgment shall not be reversed and new trials ordered for errors in the course of the trial unless the appellate court shall be of the opinion that the error amounted to such a denial of appellant's rights as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment, does not require the affirmance of a judgment notwithstanding the erroneous submission of a ground of negligence not alleged in the petition in view of Rev. Civ. St. 1911, art. 1524, limiting the power of the Supreme Court to make rules to such as are not inconsistent with the laws of the state; article 1827 requiring the petition to set forth a full and clear statement of the cause of action and other necessary and pertinent allegations, and article 1994 requiring the judgment to conform to the pleadings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4540–4545; Dec. Dig. § 1170.*]

3. CARRIERS (§ 320*)—INJURIES TO PASSENGER—PROXIMATE CAUSE.

In a passenger's action for injuries caused by the sudden starting or stopping of the train, the submission, as the proximate cause of the injuries, of the carrier's failure to furnish the passenger a seat was not erroneous, since if the carrier negligently failed to furnish her a seat it should have anticipated that any considerable and unusual jerking of the train would probably cause her to fall and be injured.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315, 1325; Dec. Dig. § 320;* Negligence, Cent. Dig. § 301.]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by Mrs. Nellie Wilkinson against the Ft. Worth & Denver City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Spoonts, Thompson & Barwise and J. M. Chambers, all of Ft. Worth, for appellant. W. P. McLean and R. L. Carlock, both of Ft. Worth, and B. Q. Evans, of Greenville, for appellee.

SPEER, J. This is an action for personal injuries brought by appellee against appellant in which a judgment was entered in favor of the plaintiff for the sum of $3,000, and the defendant has appealed.

[1] But two assignments of error are presented. The first is that the court submitted as an issue a ground of negligence not alleged in the petition. The paragraph complained of is as follows: "Bearing in mind

the foregoing, you are instructed that if you believe from a preponderance of the evidence in' this case that while the plaintiff, Mrs. Nellie Wilkinson, was a passenger on the defendant's train, and while being transported by said defendant as such passenger from Memphis, Tex., to Childress, Tex., on the afternoon or night of the 4th of July, 1908, that the defendant was guilty of negligence either by reason of using on said occasion an engine in the disabled condition shown by the testimony in drawing the said train out of Memphis, or by the negligence, if any you find, on the part of the engineer in making sudden stops or starts of the said engine and train during said time, if you find that he did make any sudden stops or starts, or in failing to provide plaintiff with a seat for her to ride in during said trip, if you find the defendant did fail to do so, and further that the defendant was negligent with respect to either or all of the foregoing matters, and, if you should find that the defendant was negligent with respect to said matters, one or more of them, and that such negligence, if any, proximately caused the plaintiff to sustain any injuries upon the said occasion, then, if you so find and believe, your verdict will be in favor of the plaintiff for the damages, if any, occasioned her, unless you find for defendant under other instructions contained in this charge."

The allegations of the petition are: "Plaintiff shows that after the train started and until it had passed some two or three stations there was something wrong with the engine; that the same became defective or out of repair in some way unknown to plaintiff; and that the agents and servants in operating and propelling said train along this road caused the same to suddenly stop and start after an unexpected jerk and lurch forward and backward a great many times, which was unusual and extraordinary and not the movements ordinarily incident to the operation of a train, and that by reason of said jerks, jars, or sudden stopping or starting of said train plaintiff was thrown against the door facing and sustained serious and permanent injuries; * * * that plaintiff's injuries were proximately caused by the negligence of defendant in operating a defective engine in a careless and negligent manner, and by reason of the negligent failure to provide her with a seat."

The allegations that there was something wrong with the engine, that it was defective and out of repair, and that in operating the same it was caused suddenly to stop and start in a way that was unusual and extraordinary does not show such to be the result of negligence at all. Such things may have been true, while the appellant was at all times, in the exercise of the highest possible care. There was no contention in the petition that these things resulted from a want of care. This meaning is all the more obvious in view of the concluding part of the paragraph of the petition above quoted. By the idiom of our language the allegation "that plaintiff's injuries were proximately caused by the negligence of defendant in operating a defective engine in a careless and negligent manner" limits the charge of negligence to the manner in which the defective engine was operated; that is, that the company negligently operated the engine shown to be in a defective condition, but the condition was not chargeable to the negligence of the defendant.

[2] The error in thus submitting a ground of recovery not alleged in the petition, which the charge plainly does, must cause a reversal of the judgment, unless, under the rule recently announced by the Supreme Court for guidance of the Courts of Civil Appeals, we are authorized to affirm the judgment notwithstanding the error. Rule 62a (149 S. W. x) became effective the 15th day of the present month and in part reads as follows: "No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case." Appellee has invoked this rule while appellant denies that it is applicable to a case tried before it became effective, but whether the rule should in any case be applied to those determined in the trial court prior to its promulgation it is clear to us that it can avail appellee nothing in the present case. Article 1524, Revised Statutes 1911, prescribes that "the Supreme Court shall have power to make, establish and enforce all necessary rules of practice and procedure not inconsistent with the laws of this state for the government of said court and all other courts of the state so as to expedite the dispatch of business in said courts." Article 1827 declares: "The petition shall set forth clearly the names of the parties and their residences, if known, with a full and clear statement of the cause of action and such other allegations pertinent to the cause as the plaintiff may deem necessary to sustain his suit and without any distinction between suits at law and in equity and shall also state the nature of the relief which he requests of the court." And article 1994 demands that "the judgment of the court shall conform to the pleadings, the nature of the case proved, and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or in equity." The law having thus required that the judgment should conform to the pleadings, a rule of the Supreme Court prescribing otherwise would be void. But clearly the rule con-

templates no such thing. Its scope must necessarily be defined by, and it must be construed in connection with, the laws authorizing the making of such rules. We hold it to be inapplicable to the present case.

[3] The other assignment is that the court erred in submitting to the jury, as a ground of liability, the negligent failure of the appellant to furnish appellee with a seat, and this upon the ground that such negligence was not the proximate cause of her injury. But we hold against appellant on this contention. If appellant negligently failed to furnish appellee a seat whereby she was forced to stand, as she did, on the platform of the coach, it ought reasonably to have anticipated that any considerable and unusual jerking of the train would probably cause her to fall and be injured. It is matter of common knowledge that a person standing in a moving vehicle is more likely to receive an injury from a fall than if such person were sitting. It is a most natural thing to expect, hence the rule so frequently and wisely adopted by those operating public vehicles that passengers must be seated.

For the error discussed, the judgment is reversed, and the cause remanded for another trial.