## SAN ANTONIO & A. P. RY. CO. v. LIGGETT.
### (No. 6554.)

(Court of Civil Appeals of Texas. Austin. March 14, 1923. Rehearing Denied May 2, 1923.)

1. **Trial ⟷352(4)—Petition held to sufficiently aver that employés of railroad company failed to ring bell at crossing so as to warrant submission of that issue.**

In an action by an automobile owner against a railroad company for destroying the automobile at a crossing, in which the petition alleged failure of defendant to give the statutory warning with the whistle, an averment "that, if the employés had sounded the whistle or rung the bell, plaintiff would have heard the same, and would not have suffered the damage complained of," while a special exception thereto should have been sustained if it had been urged, carried the implication or inference that defendant did not ring the bell, so as to warrant submission of that issue to the jury, and, in view of the fact that the jury found that defendant failed to blow the whistle, the submission of that issue to the jury was immaterial.

2. **Pleading ⟷34(3) — All reasonable inferences allowed against general demurrer.**

The rule is that as against a general demurrer all reasonable inferences are allowed in favor of the pleading.

3. **Appeal and error ⟷1062(5)—Submitting immaterial issue not reversible error.**

When a case is submitted on special issues, an immaterial issue does not necessarily re-

quire a reversal of the case, though the jury may find for the plaintiff on the immaterial as well as the material issue.

**4. Railroads** ☞337(5) — **Injury at crossing caused partly by failure to blow whistle actionable.**

Where an automobile owner was found not guilty of contributory negligence in driving on a crossing, and the jury, found on a special issue that the destruction of the automobile was caused partly by failure to blow the whistle, and on another issue that it was caused partly by failure to ring the bell, the railroad company was liable for damages.

**5. Negligence** ☞15—**Tort-feasor may be sued alone.**

When a tort-feasor has contributed to an injury, though there may be other tort-feasors, he may be sued alone, and a recovery had against him for the injury done by all the tort-feasors.

**6. Evidence** ☞113(1)—**Owner held to have right to prove intrinsic value of car which had no market value where destroyed.**

In an action by an automobile owner against a railroad company for destroying the automobile, where there was no market value for it at or near the place of the accident, the owner had a right to prove its intrinsic value, although there was a market for it in an adjoining county.

On Motion for Rehearing.

**7. Pleading** ☞212—**Failure to call attention of trial court to demurrer waives it.**

Where an answer contained a general demurrer to a petition which was not called to the court's attention, defendant was in the same position as if the demurrer had not been interposed, since failure to invoke a ruling of the trial court on demurrers and exceptions to an adversary's pleading waives them.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by E. A. Liggett against the San Antonio & Aransas Pass Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

Taylor & Hale, of Waco, for appellant. N. J. Llewellyn, of Marlin, for appellee.

KEY, C. J. Appellant's brief contains the following statement of the nature and result of this suit:

"E. A. Liggett, appellee, instituted this suit in the district court of Falls county, Tex., as plaintiff against the San Antonio & Aransas Pass Railway Company, appellant, seeking to recover damages on account of injury to plaintiff's automobile, which injury was alleged to have been caused by the negligence of defendant.

"The plaintiff alleged that the defendant was the owner of a line of railway which runs through and is operated in Falls county, Tex.; that plaintiff was the owner of an automobile

and resided in the western part of Falls county, near the said railroad; that on or about the 4th day of July, 1920, the said railway company was operating the said line of railroad, and running trains into and through Falls county, Tex.

"Plaintiff further alleges that on the 4th day of July, as he was crossing defendant's track in his automobile at a public crossing, one of appellant's north-bound trains, without giving the statutory whistle, ran upon and struck plaintiff's automobile and utterly demolished same.

"Plaintiff further alleges that said automobile was of the reasonable value of $500, and that defendant's alleged negligent failure to comply with the statute regarding whistling for crossings was the proximate cause of plaintiff's damage.

"The defendant answered by general demurrer, a general denial, and specially pleaded that the plaintiff and wife were guilty of contributory negligence, precluding a recovery herein.

"The case was tried before a jury and was submitted to them by the court on special issues and judgment rendered on the answers thereto in favor of the plaintiff for $300.

"In due time and in the manner provided by law, the defendant filed its motion for a new trial, and thereafter and before the end of the term at which said cause was tried filed its amended motion for a new trial, which motion was by the court overruled, and to which action of the court the defendant excepted and gave notice of appeal, and thereafter, at the time and in the manner provided by law, filed its appeal bond, and the case is now before this court on appeal."

Appellee concedes the correctness of that statement, with the addition that the plaintiff proved there was no market value of the car at and near the place where it was destroyed, and that its reasonable value was $500 or $600, and after it was so struck by appellant's train it was demolished and rendered worthless.

Appellant's brief contains ten propositions of law, all of which have been considered, and the conclusion has been reached that, as applied to this case, none of them show that the judgment should be reversed; but this opinion will be limited to a discussion of three questions only, which are regarded by us as the most important in the case.

The case was submitted to the jury on special issues. The first issue submitted was:

"Did the engineer blow the whistle for the crossing shortly before or at the time he reached a point within 440 yards of the crossing?"

To which the jury answered "No."

The second issue was whether or not the fireman rang the bell during the time referred to in the first question. The jury answered "No."

In answer to the third and fourth issues submitted, the jury found that the failure to

blow the whistle was partly the cause of the plaintiff's car being struck, and made a similar answer as to the failure to ring the bell. The jury also found that the plaintiff was not guilty of contributory negligence, and that the intrinsic value of his car immediately before it was struck by the defendant's train was $300, and immediately thereafter its intrinsic value was nothing.

[1] Appellant contends that the plaintiff did not allege in his pleading that defendant failed to ring the bell; and therefore it was reversible error for the court to submit that issue to the jury.

Plaintiff's petition specifically alleged that the defendant failed to give the statutory whistle upon approaching the crossing; and it also contained this averment "that, if the employés had sounded the whistle or rung the bell, plaintiff would have heard the same, and would not have suffered the damage complained of." There is no other reference in the plaintiff's petition to the failure to ring the bell, and, if a special exception had been urged against that averment, it should have been sustained, but the defendant's answer did not contain any such exception, nor even a general demurrer.

[2] The rule is that, as against a general demurrer, all reasonable inferences are allowed in favor of the pleading, and we think the averment in the plaintiff's petition that, if the defendant had rung the bell, plaintiff would have heard the same, carries with it the implication or inference that the defendant did not ring the bell. We also hold that, if the pleading did not present that issue, its submission to the jury was immaterial, because they found that the defendant failed to blow the whistle, and that was the proximate cause, in part, of the injury sustained by plaintiff.

[3] When a case is submitted upon special issues, an immaterial issue does not necessarily require a reversal of the case, though the jury may find for the plaintiff upon the immaterial as well as the material issue.

[4] There is no merit in the contention that the case should be reversed because the jury did not find that the injury complained of was caused entirely by the failure to blow the whistle. Construing the entire verdict together, we think the jury meant that the injury to the plaintiff's automobile was caused partly by the failure to blow the whistle and partly by the failure to ring the bell.

[5] But, be that as it may, the rule of law is that, when a tort-feasor has contributed to the injury complained of, though there may be other tort-feasors, he may be sued alone, and a recovery had against him for the injury done by all of the tort-feasors. Of course, that rule does not apply when the plaintiff himself is guilty of negligence, although the defendant may also be equally guilty, because the law does not permit a plaintiff to recover where he participates in the wrong complained of; but in this case the jury found that the plaintiff and his wife were not guilty of contributory negligence in driving their automobile upon the railroad track on the occasion in question. This being true, and the jury having found that the defendant failed to give the statutory signals, and that such failure was partly the cause of the injury, the defendant was properly held liable therefor.

[6] We also hold that, as the plaintiff's testimony showed that there was no market value for his car at or near the place where it was injured, he had the right to prove its intrinsic value, although there may have been a market for such car at Waco, in an adjoining county.

All the questions presented in appellant's brief have received due consideration, and our conclusion is that the judgment should be affirmed; and it has been so ordered.

Affirmed.

### On Motion for Rehearing.

Appellant has presented to this court a vigorous motion for a rehearing. especially complaining of our action in overruling its first assignment of error, in which it is charged that the trial court erred in submitting to the jury the question of negligence arising out of the failure to ring the bell at a public crossing; the contention being that the plaintiff's petition did not charge the defendant with failure to ring the bell. And, in addition to the quotation from the petition set out in our former opinion, appellant quotes from the petition the following statement therein:

"That on failing to blow the whistle upon approaching the public crossing as required by law, and upon their failure to stop the said train, defendant had been damaged in the sum of $500."

It is quite evident that the term "defendant" was used in the quotation referred to inadvertently, and that the pleader intended to refer to the plaintiff. In fact, appellant makes no point upon the word "defendant," but contends that the quotation shows that the plaintiff was not complaining of the defendant's failure to ring the bell, but only of the failure to blow the whistle and stop the train. The petition prays for damages in the sum of $500, and for general relief.

[7] The motion for rehearing also calls attention to the fact that we were mistaken in saying that the defendant's answer did not contain a general demurrer. But it is immaterial that the answer contained such demurrer, because the record does not show that it was called to the attention of and ruled upon by the trial court; and therefore appellant is in the same condition as it would be if the answer did not contain such de-

murrer. When a litigant fails to invoke a ruling of the trial court upon his demurrers and exceptions to his adversary's pleading, he thereby waives the same.

We do not think that the additional quotation from the plaintiff's petition contained in the motion for rehearing constitutes any reason for changing our holding. We also copy as follows from the motion for rehearing:

"This court says in its opinion: 'If the defendant had rung the bell, that plaintiff would have heard the same, carries with it the implication or inference that the defendant did not ring the bell.' It may be that such inference or implication is contained in that language, but it is not sufficient under the statute of this state to allege an issue by inference or implication. The positive law on the question is in the following plain and unambiguous language: 'The petition shall set forth clearly * * * and fully a clear statement of the cause of action and such other allegations pertinent to the cause as the plaintiff may deem necessary to sustain his suit.'"

In reply to that part of the motion, we refer to the long list of authorities collated in volume 6, p. 315, Encyclopedic Digest of Texas Reports, and also to rule 17 prescribed by the Supreme Court (94 Tex. 670, 142 S. W. xviii), which reads as follows:

"General exceptions shall point out the particular instrument in the pleadings, to wit: The original petition or answer, or the respective supplements to either; and in passing upon such general exception every reasonable intendment arising upon the pleading excepted to shall be indulged in favor of its sufficiency."

We therefore adhere to our former ruling upon that subject. Nor are we prepared to change our ruling to the effect that, if the court should not have submitted to the jury the question of ringing the bell, it is immaterial that it did so, inasmuch as the jury found in favor of the plaintiff upon the other issues submitted.

Appellant contends that our decision upon that point is in conflict with the decision of the Fort Worth Court of Civil Appeals in Ft. Worth & Denver City Ry. Co. v. Wilkinson, 152 S. W. 203. We do not agree with that contention. The Wilkinson Case was submitted to the jury upon a general charge, instructing them, if they found that the defendant was guilty of negligence in either of several particulars, to find for the plaintiff; and one of the grounds of negligence therein submitted was not charged in the plaintiff's petition. The jury returned a general verdict for the plaintiff, without stating upon which ground of negligence the verdict was based; and therefore it was impossible for the court to say that it was not based upon the ground not alleged in the plaintiff's petition, for which reason the court reversed the judgment, notwithstanding rule 62a (149 S. W. x) which was considered by the court. We indorse that decision, but we have no doubt, if that case had been submitted upon special issues, as was this case, and the jury had found that the defendant was guilty of negligence in any of the particulars charged in the plaintiff's petition, the ruling of that court would have been quite different, and in harmony with the ruling of this court in this case. That is one of the advantages which may result from the trial of cases upon special issues.

All of the matters presented in the motion have received due consideration, and our conclusion is that it should be overruled.

Overruled.