**PHELPS v. CONNELLEE.    (No. 676–4572.)**

(Commission of Appeals of Texas, Section B. June 16, 1926.)

**1. Appeal and error ⊖�þ221.**

In architect's suit for breach of contract for services, issue whether architect could have mitigated damages by seeking employment elsewhere is defensive matter which must be raised at trial.

**2. ·Appeal and error ⊖�þ169.**

Appellate court will not reverse a case which should otherwise be affirmed on issue which was not pleaded in trial court.

**3. Judgment ⊖�þ248.**

Judgment must conform to pleadings.

**4. Damages ⊖�þ124(1).**

Architect wrongfully discharged is entitled to contract price of services unless defendant pleads and proves that damages could have been mitigated by finding employment elsewhere.

**5. Damages ⊖�þ62(4).**

Injured party is not under duty of mitigating damages and saving wrongdoer in every case of breach of contract.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Suit by H. T. Phelps against C. U. Connellee. Judgment for plaintiff was reversed and remanded by the Court of Civil Appeals (278 S. W. 939), and the plaintiff brings error. Reversed and rendered.

J. D. Dodson, of San Antonio, and Turner, Seabury & Springer, of Eastland, for plaintiff in error.

Conner & McRae, of Eastland, for defendant in error.

POWELL, P. J. Phelps was an architect for Connellee. He drew plans for two buildings, a hotel and a theater. A dispute arose as to the amount due Phelps, and this suit followed. In a trial before the district court, Phelps recovered judgment for $534. Upon appeal by Connellee. the Court of Civil Appeals entered the following judgment:

"From what has been said, it follows that the total compensation due appellant under the contract was $12,290, instead of $11,034, as found by the trial court, and that the amount which should have been recovered by appellant was the sum of $1,790, instead of $534. It therefore follows that the judgment of the trial court should be reformed so that, instead of allowing appellant a recovery of $534 as was done, appellant should recover of and from appellee the sum of $1,790, together with all costs both in the trial court and in this court, and that the judgment of the trial court should be so reformed, and, as so reformed, it is affirmed."

See 278 S. W. 939.

It will be observed that the Court of Civil Appeals increased the judgment in favor of Phelps by the sum of $1,256, which is 2 per cent. of the sum of $62,800, expended on the construction· of the theater building after Phelps was discharged without fault on his part. Upon this point, the Court of ·Civil Appeals held:

"It appearing from the court's findings that the plans and specifications furnished by appellant were sufficient and were used by appellee in the construction of said theater building, and that appellant was discharged by appellee with-

⊖�þFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

out any fault or negligence upon appellant's part and that appellant was at all times ready, willing, and able to perform his part of said agreement, it is believed that appellant was entitled to recover 5 per cent. of the total cost of the theater building and that the court should not have denied him a recovery of 2 per cent. of the amount expended in the construction of said theater building after appellant was discharged."

Phelps had been paid 3 per cent. on the cost of the theater building, but not the 5 per cent. called for in the contract.

On rehearing, the Court of Civil Appeals makes this holding:

"Appellee makes a point in his motion for rehearing that we were in error in reforming the judgment so as to allow appellant a recovery of $1,246 on the item of $62,300 expended in the construction of the theater building after appellant's discharge, claiming that this court applied an incorrect measure of damage, in that appellant did not plead nor prove that he could [not] have saved himself from the consequences of the default of appellee by obtaining work elsewhere. There is no merit in this contention, as the authorities hold that this is a matter of defense and must at least be raised and the issue tendered by the defendant on the trial. Some of the authorities hold that the defendant must plead such issue.

"It has been concluded, however, that we were in error in awarding appellant a recovery for said sum, as the rule seems to be in such cases that while the complaining party may recover the natural and probable profits the contract would have yielded, when they are certain and not contingent, but he must not receive when the work is not done the same amount of money he would have received had the contract been fully executed, and it has been held that a further deduction should be made for the less time engaged and for release from care, trouble, risk, and responsibility attending a full execution of the contract. Porter v. Burkett, 65 Tex. 383.

"What amount should be allowed in such case is a question for the trial court or jury, as the case may be, and cannot be determined here. Being of the opinion that appellant is entitled to recover some damage on said item of $1,246 under the issues as presented on this appeal, the appellant's motion is overruled, and for the reason indicated appellee's motion for rehearing is granted in part. The judgment of the trial court is reversed and the cause remanded."

See 278 S. W. 942.

Application for writ of error was filed by Phelps only.

The chief contention centers about this item of $1,246, being 2 per cent. on the sum of $62,300 spent on the theater building after Phelps was discharged and when his supervision of the construction thereof ceased. In its original opinion, the Court of Civil Appeals held that $62,800 was expended after the discharge of Phelps. That difference of $500 in the two opinions accounts for the $10 difference between the amounts of $1,256 and $1,246 used in the opinions. As Phelps did not object to this finding of fact by the Court of Civil Appeals on rehearing, we adopt the latter figure. Was the Court of Civil Appeals correct in its original opinion or in its opinion on rehearing? We think its original opinion correctly allowed this additional amount.

[1, 2] The contention is that, even though Connellee breached his contract, without cause, and discharged Phelps, the latter must show that he could not have mitigated his damages by seeking and finding employment elsewhere. Upon this point, the Court of Civil Appeals correctly holds that such an issue is a defensive matter. But, in spite of the fact that no such defense was pleaded, the Court of Civil Appeals remands the case just as though it had been pleaded. It is elementary that an appellate court will not reverse a case, which should otherwise be affirmed, on an issue which was not pleaded in the trial court.

The Court of Civil Appeals cites the case of Porter v. Burkett, 65 Tex. 383. In that case this defense was raised in the trial court by special exception. We have been unable to find any case where a defense will be considered for the first time in an appellate court.

In this connection, the first assignment of error in the application for writ of error reads as follows:

"The court erred in holding on rehearing that error had been committed by its former judgment in reforming the judgment of the trial court so as to allow plaintiff in error a recovery of twelve hundred and forty-six ($1,246) dollars, in addition to that allowed by the trial court, said twelve hundred and forty-six ($1,246) dollars being the amount at contract price to which plaintiff in error was entitled for supervision of the theater, and in setting aside the judgment which this court had rendered for said additional twelve hundred and forty-six ($1,246) dollars, and in reversing and remanding the case for a trial on the issue as to the amount of reduction which should be made from said twelve hundred and forty-six ($1,246) dollars."

Under this assignment, three propositions are made, as follows:

First: "Plaintiff in error having sued upon a contract for personal and professional services which fixed the basis for his compensation, the burden was on defendant in error, if he desired to diminish the contract price, to plead and prove facts upon which to do so."

Second: "Plaintiff in error having sued upon his contract, and the issue tendered by the pleadings being solely his right to recover or not recover upon the contract, and a right to recover having been established by both the trial court and by the Court of Civil Appeals, there was no basis in the pleading or proof for diminution of the contract amount, and the trial court should have entered judgment therefor."

Third: "The denial to plaintiff in error by the Court of Civil Appeals of a judgment for the amount of damages fixed by the contract upon the ground that the amount of such damages should be diminished, when the sole issue under the pleadings and the proof was recovery or no recovery upon the contract, the holding that on appeal the issue of diminution will be entertained in the absence of pleading the issue is in

conflict with the law as announced and applied by the Supreme Court in Bank v. Freeman, 107 Tex. 523, 181 S. W. 189."

We think this assignment and each of the propositions thereunder must be sustained. See Bank v. Freeman, 107 Tex. 523, 181 S. W. 187; Security Mortgage Co. v. Caruthers, 11 Tex. Civ. App. 430, 32 S. W. 837; Graf v. Laev, 120 Wis. 177, 97 N. W. 898.

[3] It is elementary, as stated, that the judgment of the court shall conform to the pleadings. This rule applies alike to the plaintiff and defendant. In this connection, we quote from our Supreme Court in the case of Bank of Garvin v. Freeman, supra, as follows:

"Should we allow a defeat of the plaintiff's recovery because of the existence of a defense, however sound in law, not pleaded by the defendant, the judgment of the court would then not conform to the pleadings. This would be wrong in principle, and in open conflict with the statute. No trial should be had except upon the issues made by the pleadings. This gives each side an opportunity to know upon what issues they will be called to respond with evidence. It would be opposed to justice to allow the plaintiff in a suit to secure a judgment upon an issue of which the defendant had no notice in advance of the trial, for this would deprive him of the opportunity to have his witnesses present to defend his case on said issue. The rule is the same as applied to the defenses. Justice would not tolerate the practice of defeating the plaintiff's cause with a defensive issue which had not been pleaded, and of which the plaintiff had no notice prior to the trial, and to meet which he was denied the opportunity to present his evidence. Railway v. Wilkinson (Tex. Civ. App.) 152 S. W. 203; Biggs v. Blount et al. (Tex. Civ. App.) 151 S. W. 1114. We cannot give our sanction to a violation of these elementary rules. They are indispensable in the administration of justice in the trial of cases."

In this connection, we quote as follows from the Supreme Court of Wisconsin in the case of Graf v. Laev, supra:

"Error is assigned because the court charged the jury as follows: 'If you find for the plaintiff —that is to say, if you find that the contract was entered into between the parties as contended for by the plaintiff—then you wiu take up the consideration of the damages recoverable in this action; and I instruct you, as a matter of law, that, if you find for the plaintiff, the damages recoverable by the plaintiff in this action are the sum of $305.04.' The amount so stated was the full amount of the contract price, as claimed by the plaintiff. True, the terms of the contract were in dispute, and accordingly the amount of the plaintiff's compensation was in dispute. But it will be observed that under the charge of the court, as given, the jury were precluded from finding any damages in favor of the plaintiff unless they first found that the contract between the parties was 'as contended for by the plaintiff.' The jury having found that the contract was as claimed by the plaintiff, the question presented is whether in assessing damages there should have been an abatement from the full contract price. There is no question but what the plaintiff performed most of the services under the contract, as he claimed it to be, and was ready at all times to perform the balance. Prior to the time when the defendant refused to go on with the job, the plaintiff declined to do work for other parties for the reason that he expected to perform ais contract with the defendant. As conceded by counsel for the defendant, the contract was for the personal services and skill of the plaintiff, as an architect, in planning and designing and superintending the work contracted for, and certifying to the sufficiency of the work of contractors, and the correctness of bills rendered. Such work could not be delegated to others. The plaintiff was undoubtedly entitled to recover the amount which he would have earned under such contract, less what he might in the meantime have earned elsewhere. Winkler v. Racine Wagon & Carriage Co., 99 Wis. 184, 188, 74 N. W. 793. In that case it was held that 'in an action by an employee to recover damages for such wrongful discharge, the burden of proving in mitigation of damages that the plaintiff could have obtained employment elsewhere is upon the defendant.' As there said by way of quotation from an earlier case: 'In the absence, therefore, of any evidence that the party might have obtained any other employment, the law can adopt no other rule of damages than the contract price, unless there is some legal presumption that such other employment might be obtained.' Danley v. Williams, 16 Wis. 581, 586. See, also, Hildebrand v. American Fine Art Co., 109 Wis. 171, 181, 85 N. W. 268, 53 L. R. A. 826. In the case at bar the defendant failed to prove that the plaintiff might have obtained such employment elsewhere, or any fact in mitigation of the plaintiff's damages. The case is unlike Nilson v. Morse, 52 Wis. 241, 9 N. W. 1, and other cases cited by counsel, where the performance of the specific work contracted for could be delegated to others. We find no error in charging the jury on the measure of damages."

[4] Since the trial court and Court of Civil Appeals found that Phelps had a binding contract for the 5 per cent., had fulfilled it and was ready to perform thereunder, and was discharged without cause by Connellee, then he was entitled to this item of $1,246, unless, in any event, Connellee had pleaded and proved that Phelps could have found employment elsewhere and mitigated his damages. Since there was no such pleading or proof, as admitted by the Court of Civil Appeals in its opinion, and as a reading of the record discloses, the only correct judgment of the lower courts would have included this item of $1,246.

[5] If this defense had been pleaded and proved, then another very interesting question of law would be before us for determination. Since it was not pleaded, we are not called upon to decide whether or not, under our Texas decisions, Phelps would have been held to the duty of finding work elsewhere in order to mitigate his damages. This is a very interesting question. It is not true that in every case of a breach of contract the injured party is under the duty of mitigating

the damages and saving the wrongdoer. See Bankers' Trust Co. v. Schulze (Tex. Com. App.) 236 S. W. 703.

The case of Porter v. Burkett, supra, referred to by the Court of Civil Appeals, did not involve definite profits, nor did it involve the work of an architect in any sense. We pretermit deciding what would be the correct rule of law were the issue pleaded and proved and therefore before us for decision.

For the reasons already stated, under the pleadings and proof, the plaintiff in error was entitled to recover the full five per cent. of the entire cost of the theater building, or a balance of $1,246 in excess of the amount allowed him by the district court. The trial court allowed interest from October 14, 1919, and no objection seems to have been made in that connection.

In view of what we have said, we recommend that the judgments of the district court and Court of Civil Appeals be reversed and judgment rendered by the Supreme Court in favor of plaintiff in error and against defendant in error for the sum of $1,780, together with interest thereon from October 14, 1919, at the rate of 6 per cent. per annum. We further recommend that the costs in all the courts be assessed against the defendant in error.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment rendered for plaintiff in error.