ACCEPTED
01-14-00764-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/16/2015 12:50:27 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00764-CV

## IN THE COURT OF APPEALS
## FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/16/2015 12:50:27 PM
CHRISTOPHER A. PRINE
Clerk

MAGNOLIA FINLAY AND ANDREW FINLAY,
*Appellants,*

v.

ELIZABETH BLANTON,
*Appellee.*

## APPELLEE'S BRIEF

From the County Civil Court of Harris County, Texas,
County Court at Law No. 1, Trial Court Case No. 1047130

FRANK O. CARROLL III
TBA No. 24082785
MIA B. LORICK
TBA No. 24091415
Roberts Markel Weinberg Butler Hailey PC
2800 Post Oak Blvd., 57th Floor
Houston, Texas 77056
Tel: (713) 840-1666
Fax: (713) 840-9404
fcarroll@rmwbhlaw.com
mlorick@rmwbhlaw.com
ATTORNEYS FOR APPELLEE
ELIZABETH BLANTON

**ORAL ARGUMENT REQUESTED**

## IDENTITIES OF PARTIES AND COUNSEL

**APPELLANTS:**

MAGNOLIA FINLAY AND ANDREW FINLAY

Pro Se:

7542 Oakwood Canyon Drive
Cypress, Texas 77433

**APPELLEE:**

ELIZABETH BLANTON

Appellate Counsel:

Frank O. Carroll III
Mia B. Lorick
Roberts Markel Weinberg Butler Hailey PC
2800 Post Oak Blvd., 57th Floor
Houston, Texas 77056

Trial Counsel:

Dustin C. Fessler
Roberts Markel Weinberg Butler Hailey PC
2800 Post Oak Blvd., 57th Floor
Houston, Texas 77056

## REQUEST FOR ORAL ARGUMENT

Pursuant to Appellate Procedure Rule 52.8(b)(4), Appellee respectfully requests oral argument on belief it will materially aid the Court in determination of the legal issues presented for review.

# TABLE OF CONTENTS

IDENTITIES OF PARTIES ..................................................................ii

REQUEST FOR ORAL ARGUMENT .....................................................iii

TABLE OF CONTENTS .....................................................................iv

TABLE OF AUTHORITIES..................................................................vi

RECORD REFERENCES ...................................................................viii

STATEMENT OF THE CASE ...............................................................ix

RESPONSE TO ISSUES PRESENTED .....................................................x

SUMMARY OF THE ARGUMENT ..........................................................1

STATEMENT OF FACTS ......................................................................2

PROCEDURAL BACKGROUND..............................................................5

ARGUMENT AND AUTHORITIES .........................................................6

    I.    STANDARD OF REVIEW ...................................................6

    II.   THE TRIAL COURT DID NOT ERR IN ENTERING A TAKE NOTHING JUDGMENT ...........................................7

    III.  THE TRIAL COURT DID NOT ERR IN EXCLUDING INADMISSIBLE EVIDENCE AND TESTIMONY .............10

    IV.  APPELLANTS DID NOT RAISE THE ISSUES OF UNTIMELY REPAIRS, FORGERY, OR ERRORS IN THE LEASE IN THE TRIAL COURT; THEREFORE, THESE ISSUES ARE IMPROPER ON APPEAL............................12

PRAYER ...........................................................................................15

CERTIFICATE OF COMPLIANCE.......................................................16

CERTIFICATE OF SERVICE...............................................................16

# TABLE OF AUTHORITIES

**Case Law:**

*Bank of Garvin v. Freeman,*
    107 Tex. 523 (1915) ...................................................................... 13

*Cain v. Bain,*
    709 S.W.2d 175, 176 (Tex. 1986) ...................................................... 6

*Croucher v. Croucher,*
    660 S.W.2d 55 (Tex. 1983) ............................................................... 6

*Haden v. Sacks,*
    332 S.W.3d 503 (Tex. App.—Houston [1st Dist.] 2009) .................. 14

*Phelps v. Connellee,*
    285 S.W. 1047 (Tex. 1926) ....................................................... 13, 14

*Ortiz v. Jones,*
    917 S.W.2d 770, 772 (Tex. 1996) ...................................................... 6

*Pulley v. Milberger,*
    198 S.W.3d 418 (Tex. App.—Dallas 2006)................................. 6, 7, 8

*Wilson v. O'Connor,*
    555 S.W.2d 776, 780-81 (Tex. Civ. App.—Dallas 1977, writ dism'd).. 7

**Statutes:**

    Tex. Prop. Code § 92.103 ................................................................ 15
    Tex. Prop. Code § 92.109 ......................................................... 7, 8, 9
    Tex. Prop. Code § 92.109(c).............................................................. 8

**Rules:**

    Tex. R. Evid. 801 .......................................................................... 10
    Tex. R. Evid. 611(a) ....................................................................... 11
    Tex. R. Civ. P. 47 ..................................................................... 12, 13

Tex. R. Civ. P. 94 ..................................................................... 12, 13

Tex. R. Civ. P. 166a(c) ................................................................ 14

## RECORD REFERENCES

*Citations in this Appellee's Brief to the parties are as follows:*

Appellants Magnolia Finlay and Andrew Finlay will be referred to as "the Finlays" or "Appellants."

Appellee Elizabeth Blanton will be referred to as "Blanton" or "Appellee."

*Citations in this Appellee's Brief to the record are as follows:*

CR – Clerk's Record (i.e.  CR [page]; e.g. CR 1)

RR – Reporter's Record (i.e.  RR [page]; e.g. RR 1)

Supp. RR – Supplemental Reporter's Record (i.e. Supp. RR [page]; e.g. Supp. RR 1)

Appellants' Brief – Magnolia Finlay and Andrew Finlay Appellants' Brief (i.e. Appellants' Brief [page]; e.g. Appellants' Brief 1)

# STATEMENT OF THE CASE

*Nature of the case:* This appeal arises from an action brought by the Finlays against Blanton, in which the Finlays claimed Blanton violated Section 92.109 of the Texas Property Code because she did not return the Finlays' security deposit at the end of the lease term.

*Trial Court Disposition:* The Finlays filed suit against Blanton alleging a violation of Section 92.109 of the Texas Property Code. (CR 4–5). On March 24, 2014, the Justice Court, Precinct 5, Place 2, entered judgment against Blanton. (CR 38). Blanton appealed to Harris County Court at Law No. 1, and the case was set for trial de novo on August 11, 2014. (Supp. RR 1). The county court entered a take nothing judgment on August 12, 2014. (CR 115).

*Trial Court:* County Civil Court of Harris County, Texas, County Court at Law No. 1, Trial Court Case No. 1047130.

# RESPONSE TO APPELLANTS' ISSUES PRESENTED

1.  The trial court did not err in entering a take nothing judgment.

2.  The trial court did not err in excluding inadmissible evidence and testimony.

3.  Appellants did not raise the issues of untimely repairs, forgery, or errors in the lease in the trial court; therefore, these issues are improper on appeal.

## SUMMARY OF THE ARGUMENT

The Finlays contend that the trial court erred in entering a take nothing judgment. However, the Finlays are wrong. First, Blanton successfully rebutted the presumption of bad faith under Section 92.109 of the Texas Property Code by establishing that she had a reasonable belief that she could use the Finlays' security deposit to offset some of the money due and owing to her by the Finlays. Blanton also provided testimony that she is an amateur lessor who did not know about the requirement to provide a list of itemized deductions. Second, the trial court properly excluded inadmissible evidence and testimony under Texas Rules of Evidence 801 and 611(a). Accordingly, the trial court did not err.

The Finlays attempt to assert issues of untimely repairs, perjury, and errors in the lease agreement for the first time on appeal. These issues were not properly preserved in the trial court and are therefore waived on appeal.

1

## STATEMENT OF FACTS

This appeal arises from an action brought by the Finlays against Blanton, in which the Finlays claimed Blanton violated Section 92.109 of the Texas Property Code because she did not return their security deposit at the end of the lease.

Appellee, Blanton, is the owner and landlord of the property located at 21343 Hadrian Drive, Katy, Texas 77449 (the "Property").[1] The Property is Blanton's only rental property.[2] On March 23, 2012, Blanton and Appellants—the Finlays—entered into a residential lease agreement for the Property.[3] The lease agreement was a Texas Association of Realtors form lease and therefore provided for the duration of the lease, the amount of rent to be paid, and instructions on how to send rent to Blanton.[4] Because Blanton lives primarily in California, the lease agreement instructed the Finlays to deposit their rent payments into a USAA Federal Savings Bank account.[5]

The Finlays timely paid their rent into the USAA account at the beginning of the lease; however, in June of 2012, the Finlays failed to

---

[1] CR 59.
[2] CR 59.
[3] CR 59.
[4] CR 43–58.
[5] CR 59.

comply with the lease agreement and mailed their rent to Blanton's home address.[6] Blanton emailed the Finlays and cited to the provisions in the lease agreement that require payment to be made into the USAA account.[7] Blanton explained that she would allow the payment this time but, going forward she would apply the penalties stipulated in the lease to any payments not made in accordance with the lease terms.[8] Despite the email, the Finlays continued to violate the lease by making late rent payments.[9] Blanton assessed late fees and charges for the late rent payments. The total amount owed to Blanton by the end of the lease term was $9,416.66.[10]

Based on the lease agreement, Blanton did not return the security deposit of $1500.00 to the Finlays, but rather, used the $1500.00 as an offset to the amount owed to her under the lease agreement.[11] The Finlays subsequently filed suit against Blanton asserting a violation of

---

[6] CR 17.
[7] CR 17.
[8] CR 17.
[9] CR 60.
[10] Supp. RR 57.
[11] CR 60.

3

Section 92.109 of the Texas Property Code—bad faith retention of a

security deposit.[12]

# PROCEDURAL BACKGROUND

The Finlays filed suit against Blanton alleging a violation of Section 92.109 of the Texas Property Code.[13] On March 24, 2014, the Justice Court, Precinct 5, Place 2, entered a judgment against Blanton.[14] Blanton appealed to Harris County Court at Law No. 1, and the case was set for trial on August 11, 2014.[15] The county court entered a take nothing judgment on August 12, 2014.[16]

---

[13] CR 4–5.
[14] CR 38.
[15] Supp. RR 1.
[16] CR 115.

## ARGUMENTS AND AUTHORITIES

## I.  STANDARD OF REVIEW

When an appellant challenges the factual sufficiency of the evidence to support an adverse finding on which it did not have the burden of proof, the appellant must demonstrate there is insufficient evidence to support the adverse finding.[17] In reviewing a factual sufficiency challenge, an appellate court considers and weighs all of the evidence in support of and contrary to the trial court's finding and will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.[18]

When conducting a factual sufficiency review of a trial court's finding, an appellate court will not pass on the credibility of the witnesses or substitute its own judgment for the trier of fact.[19] The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse a judgment.[20]

---

[17] *Pulley v. Milberger*, 198 S.W.3d 418, 426 (Tex. App.—Dallas 2006, pet. denied) (citing *Croucher v. Croucher*, 660 S.W.2d 55 (Tex. 1983)).
[18] *Id.* (citing *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Cain v. Bain*, 709 S.W.2d 175, 176  (Tex. 1986)).
[19] *Id.* at 427.
[20] *Id.*

## II. THE TRIAL COURT DID NOT ERR IN ENTERING A TAKE NOTHING JUDGMENT

Appellants claim that the trial court "abused its discretion by misapplying Texas Property Code § 92.109."[21] Specifically, Appellants claim that Blanton did not rebut the presumption of bad faith under Section 92.109.[22]

Although there is a presumption of bad faith when a landlord does not return a security deposit, Texas appellate courts have held that a landlord can defeat the presumption of bad faith, by proving her good faith, i.e., honesty in fact in the conduct or transaction concerned.[23] And, "evidence that a landlord had reason to believe she was entitled to retain a security deposit to recover reasonable damages is sufficient to rebut the presumption of bad faith created under the Texas Property Code."[24] Other evidence may include that the landlord is an amateur lessor—because the residence is her only rental property—and, the landlord has no knowledge of the requirement to submit an itemized list

---

[21] Appellants' Brief at 11.
[22] *Id.*
[23] *Pulley v. Milberger*, 198 S.W.3d 418, 426 (Tex. App.—Dallas 2006, pet. denied) (*Wilson v. O'Connor*, 555 S.W.2d 776, 780-81 (Tex. Civ. App.—Dallas 1977, writ dism'd)).
[24] *Id.*

7

of all deductions from the security deposit.[25] Pursuant to Section 92.109, if the landlord proves the reasonableness of retention of the security deposit, the presumption of bad faith is successfully rebutted.[26] Blanton successfully rebutted the bad faith presumption under Section 92.109.

During trial the following testimony was elicited:

| Question | Now, Ms. Blanton, again, how many rental properties do you own? |
|---|---|
| Answer | One. |
| Question | Your testimony was that you had no knowledge of the requirement that you needed to submit an itemized list of all deductions? |
| Answer | Correct. |
| Question | Do you think you gave fair notice to the Finlays during the course of the lease that they were incurring late charges? |
| Answer | Yes. |
| Question | Is it your sole assertion that the security deposit of $1500 was exceeded by the past due rent? |
| Answer | Correct.[27] |

---

[25] *Id.*
[26] Tex. Prop. Code § 92.109(c).
[27] Supp. RR 58-59.

The Finlays owed over nine thousand dollars in back rent and late fees.[28] Because the Finlays' security deposit was $1500.00, Blanton believed it was reasonable to retain the Finlays deposit as an offset to amounts due and owing to her. Blanton testified that she gave fair notice to the Finlays during the course of the lease that they were incurring late charges and therefore, Blanton acted in good faith in assessing such fees. The above testimony further establishes that the Property is Blanton's only rental property—making her an amateur lessor—and, she was not aware of the requirement to provide an itemized list of deductions from the security deposit.

Blanton's testimony is sufficient to rebut the presumption of bad faith under Section 92.109 of the Texas Property Code as well as existing common law. Therefore, Appellants cannot show that the evidence is insufficient. Because the facts are sufficient to support the trial court's finding that the presumption of bad faith was successfully rebutted, this Court should affirm the trial court's take nothing judgment.

---

[28] Supp. RR 57.

## III. THE TRIAL COURT DID NOT ERR IN EXCLUDING INADMISSIBLE EVIDENCE AND TESTIMONY

The Finlays claim that the trial court abused its discretion by excluding exhibits as hearsay and not allowing Mr. Finlay to testify while Ms. Finlay was on the stand. However, Judge Mayfield did not err because her rulings were in accordance with the Texas Rules of Evidence.

Pursuant to Texas Rule of Evidence 801, "hearsay is an out of court statement, made by someone not now testifying, that is being offered for the truth of the matter asserted."[29] The Finlays offered into evidence bank statements, bank letters, deposit receipts, an invoice, and internet printouts.[30] Counsel for Blanton objected to the offered exhibits as hearsay due to the exhibits containing out of court statements that were being offered for the truth of the matter asserted. The Finlays failed to provide an exemption or exception to Rule 801, thus making the offered evidence inadmissible hearsay. As a result, the trial court did not err when it excluded the hearsay evidence, as the trial court followed the Texas Rules of Evidence.

---

[29] Tex. R. Evid. 801.
[30] *See* Appellants' Brief at 17.

The Finlays further claim that the trial court abused its discretion by not allowing Mr. Finlay to testify while Ms. Finlay was on the stand. However, the trial court was again following the Texas Rules of Evidence. Texas Rule of Evidence 611(a) states "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to make those procedures effective for determining the truth and to avoid wasting time."[31]

At the relevant time, Ms. Finlay was on the stand testifying about when her and her husband first incurred late fees for late rent payments.[32] Ms. Finlay said she thought it was May of 2012 but she was not sure.[33] Mr. Finlay—from the gallery of the courtroom—stated, "I believe it was before August."[34] Judge Mayfield responded by stating:

> Okay. Okay. Hang on. We do have a procedure we abide by, so I can't have you speaking out there from the table and the record gets muddled when that happens. So, she's on the stand right now so I need to hear from her only. Okay.[35]

The Finlays use the above statement by Judge Mayfield to assert that the trial court abused its discretion because it did not allow Mr. Finlay

---

[31] Tex. R. Evid. 611(a).
[32] Supp. RR 42.
[33] Supp. RR 42.
[34] Supp. RR 43.
[35] Supp. RR 43.

to testify at that time. But Judge Mayfield was merely exercising reasonable control over the mode of testimony. Because Mr. Finlay was not sworn in as a witness, the court exercised reasonable control by preventing his unsworn testimony on the record. The court also exercised reasonable control by preventing an unclear and confusing trial record.

As a result, the trial court did not err in not allowing Mr. Finlay to testify because the trial court followed the Texas Rules of Evidence.

## IV. APPELLANTS DID NOT RAISE THE ISSUES OF UNTIMELY REPAIRS, FORGERY, OR ERRORS IN THE LEASE IN THE TRIAL COURT; THEREFORE, THESE ISSUES ARE IMPROPER ON APPEAL

The Finlays' second, third, and fifth issues on appeal request this Court to litigate alleged defenses or causes of action not presented to the trial court. Specifically, the Finlays raise the issue of untimely repairs, forgery, and errors in the lease agreement for the first time on appeal.

The Texas Rules of Civil Procedure govern the guidelines for properly pleading a cause of action or defense.[36] A party wishing to assert a claim for relief must do so in either an original petition,

---

[36] Tex. R. Civ. P. 47; Tex. R. Civ. P. 94.

counterclaim, cross-claim, or third party claim which shall contain: (1) a short statement of the cause of action sufficient to give fair notice; (2) a statement that the damages sought are within the jurisdiction of the court; and, (3) a statement that the party seeks monetary relief within a specific monetary recovery category.[37] Likewise, a party wishing to assert an affirmative defense must do so in accordance with Rule 94—by affirmatively pleading "a matter that warrants avoidance or affirmative defense."[38]

The Texas Supreme Court has long established that in order for the trial court to render a judgment, the basis of the judgment must have been pled in the trial court pursuant to the Texas Rules of Civil Procedure.[39] Specifically, in *Bank of Garvin v. Freeman*, the Texas Supreme Court stated:

> Should we allow a defeat of plaintiff's recovery because of the existence of a defense, however sound in law, not pleaded by the defendant, the judgment of the court would then not conform to the pleadings. This would be wrong in principle, and in open conflict with the statute.[40]

---

[37] Tex. R. Civ. P. 47.
[38] Tex. R. Civ. P. 94.
[39] *Phelps v. Connellee*, 285 S.W. 1047, 1048 (Tex. 1926); *Bank of Garvin v. Freeman*, 107 Tex. 523, 530 (Tex. 1915).
[40] *Bank of Garvin*, at 529.

In *Phelps v. Connellee*, the Texas Supreme Court followed this reasoning when analyzing the appellate court's decision to reserve on defensive matters not specifically pled in the trial court.[41] The court held "it is elementary that an appellate court will not reverse a case, which should otherwise be affirmed, on an issue not pleaded in the trial court."[42]

In *Haden v. David J. Sacks*, this Court agreed and declined to reverse a motion for summary judgment, relying on the same reasoning as the Texas Supreme Court.[43] This Court held that issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal of a summary judgment motion.[44]

Here, the Finlays never asserted a cause of action, defense, or requested relief of any kind as to alleged untimely repairs, forgery, and errors in the lease agreement. Because the Finlays failed to properly plead these issues in the trial court, the issues are not preserved on appeal and cannot form the basis of a reversal of the trial court's take

---

[41] *Phelps v. Connellee*, 285 S.W. 1047, 1048 (Tex. 1926)

[42] *Phelps*, at 1048.

[43] *Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 512 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

[44] Tex. R. Civ. P. 166a(c); *Haden*, at 512.

nothing judgment. Appellants also assert a misapplication of Texas Property Code § 92.103; however, this provision was not at issue in the trial court, and therefore, is not properly before this Court for review.

## PRAYER

For the reasons stated above, Appellee Elizabeth Blanton respectfully requests this Court affirm the take nothing judgment of the trial court and grant any such other and further relief to which she may be entitled.

Respectfully submitted,

ROBERTS MARKEL WEINBERG BUTLER HAILEY PC

FRANK O. CARROLL III
TBA No. 24082785
MIA B. LORICK
TBA No. 24091415
2800 Post Oak Blvd, 57th Floor
Houston, TX 77056
Tel: (713) 840-1666
Fax: (713) 840-9404
fcarroll@rmwbhlaw.com
mlorick@rmwbhlaw.com
ATTORNEYS FOR APPELLEE
ELIZABETH BLANTON

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 i(3) of the Texas Rules of Appellate Procedure, I certify that the word count in this Appellee's Brief is 3,114 words.

_____
FRANK O. CARROLL III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by facsimile, messenger, regular U.S. Mail, certified mail, return receipt requested and/or electronic service in accordance with the Texas Rules of Appellate Procedure on this the 16th day of April, 2015.

Magnolia Finlay and Andrew Finlay
7542 Oakwood Canyon Drive
Cypress, Texas 77433

_____
FRANK O. CARROLL III

16